Rudolph A. Telscher, Jr.* (MO Bar No. 41072)
rudy.telscher@huschblackwell.com
Kara Fussner* (MO Bar No. 54656)
kara.fussner@huschblackwell.com
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
314-480-1500 Telephone

Ryan Hauer* (IL Bar No. 6320758)
ryan.hauer@huschblackwell.com
HUSCH BLACKWELL LLP
120 South Riverside Plaza Suite 2200
Chicago, IL 60606
312-526-1572 Telephone

*admitted *pro hac vice*

Karl Kronenberger (CA Bar No. 226112)
karl@krinternetlaw.com
Jeffrey M. Rosenfeld (CA Bar No. 222187)
jeff@krinternetlaw.com
KRONENBERGER ROSENFELD, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
415-955-1155 Telephone
415-955-1158 Facsimile

***Attorneys for Defendants Plaintiffs
BrandTotal, Ltd. and Unimania, Inc.***

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| FACEBOOK, INC., a Delaware corporation, | Case No.: 3:20-CV-07182-JCS |
| *Plaintiff*, | **DECLARATION OF RUDOLPH A. TELSCHER, JR. IN SUPPORT OF *EX PARTE* MOTION OF DEFENDANTS BRANDTOTAL, LTD. AND UNIMANIA, INC. FOR TEMPORARY RESTRAINING ORDER** |
| v. | |
| BRANDTOTAL, LTD., an Israeli corporation, and UNIMANIA, INC., a Delaware corporation, | |
| *Defendants*. | |

I, Rudolph A. Telscher, Jr., state as follows:

1.     I am an attorney duly licensed to practice law in the State of Missouri. I am a partner with the law firm of Husch Blackwell LLP, counsel for Defendants BrandTotal Ltd. and Unimania, Inc. (collectively, "BrandTotal"), admitted pro hac vice in the above-styled litigation. My testimony in this declaration is based on personal knowledge, information, and belief regarding this litigation, and if called as a witness, I could and would competently testify thereto.

2.     On October 1, 2020 BrandTotal was sued in the Superior Court of California, San Mateo county, by Plaintiff Facebook, Inc. ("Facebook") under case number 20-CIV-04526. The complaint alleged only breach of contract as to Facebook's Terms of Service and unjust enrichment. Attached hereto as Exhibit F is a true and correct copy of the complaint.

3.     I contacted Facebook's counsel on Monday, October 5th to set up a call to discuss the case, which was scheduled for Thursday, October 8th.

4.     On the teleconference between counsel for the parties on October 8th, I informed Facebook's counsel of BrandTotal's intent to move for temporary injunctive relief, in addition to the discussion of the lawsuit and potential for a resolution.

5.     Facebook's counsel requested we delay bringing any motion for temporary restraining order until after the parties could hold a settlement meeting, which Facebook indicated it needed to occur on Wednesday, October 14th.

6.     The morning of October 14th, we provided official notice, as required by Rule 3.1204 of the California Rules of Court, of BrandTotal's intent to move *ex parte* for application for a temporary restraining order, to be heard no earlier than Friday, as agreed by the parties.

7.     During the settlement conference held between the parties on Wednesday, October 14th, Facebook announced they lacked any settlement authority to either moot BrandTotal's imminent TRO or otherwise resolve the case.

8.     The very same afternoon, Facebook unilaterally dismissed the Superior Court action and re-filed the instant case in this Court that evening, adding several additional causes of action.

9.     Attached hereto as Exhibit G is a true and correct copy of Facebook's Terms and

1  Conditions, last revised October 1, 2020, retrieved from  https://www.facebook.com/terms.php on

2  October 14, 2020.

3          10.     Attached hereto as Exhibit H is a true and correct copy of Facebook's Data Policy,

4  last revised August 21, 2020, retrieved from https://www.facebook.com/privacy/explanation on

5  October 14, 2020.

6          11.     Attached hereto as Exhibit I is a true and correct copy of an archived version of

7  Facebook's Terms and Conditions as they existed in 2017, found at

8  https://web.archive.org/web/20171107223329/https://www.facebook.com/terms.

9          12.     Attached hereto as Exhibit J is a true and correct copy of an article from The Wall

10  Street Journal titled "Facebook Fined Over Cambridge Analytica Case, but U.K. Wishes for

11  Bigger Penalty," dated October 25, 2018, and found at https://www.wsj.com/articles/regulator-

12  wishes-it-could-fine-facebook-more-in-cambridge-analytica-case-1540467235.

13          13.     Attached hereto as Exhibit K is a true and correct copy of the Congressional Report

14  released in October 2020 by the Subcommittee on Antitrust, Commercial and Administrative Law

15  of the Committee on the Judiciary, "Investigation of Competition in Digital Markets," Majority

16  Staff Report and Recommendation.

17          14.     Attached hereto as Exhibit L is a true and correct copy of the California Senate

18  Floor Analyses, June 28, 2018, found at https://leginfo.legislature.ca.gov/faces/

19  billAnalysisClient.xhtml?bill_id=201720180AB375.

20          15.     Attached hereto as Exhibit M is a true and correct copy of the April 15, 2019 order

21  granting an injunction against Facebook issued by the Federal Court of Australia, Victoria District,

22  in the matter of *Dialogue Consulting Pty Ltd. v. Instagram, Inc. et al.*, Case No. VID 369/2019

23  ("Australian matter").

24          16.     Attached hereto as Exhibit N is a true and correct copy of the May 3, 2019 order

25  joining Instagram, LLC in the Australian matter referenced above.

26          17.     Attached hereto as Exhibit O is a true and correct copy of the April 27, 2020

27  Federal Trade Commission Order, *In the Matter of Facebook, Inc.*, Docket No. C-4365.

28

* * *

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 16th day of October 2020 in St. Louis, Missouri.

/s/ Rudolph A. Telscher, Jr.
Rudolph A. Telscher, Jr.