1

2

3

4

5

6

7

8

9          **UNITED STATES DISTRICT COURT**

10          **NORTHERN DISTRICT OF CALIFORNIA**

11          **SAN FRANCISCO/OAKLAND DIVISION**

12

13   FACEBOOK, INC., a Delaware
     corporation,                                    Case No.: 3:20-CV-07182-JCS

14                    *Plaintiff,*

15   v.                                              **[PROPOSED] ORDER GRANTING
                                                     DEFENDANTS BRANDTOTAL, LTD.**
16   BRANDTOTAL, LTD., an Israeli                    **AND UNIMANIA, INC.'S** *EX PARTE*
     corporation, and                               **MOTION FOR TEMPORARY
17   UNIMANIA, INC., a Delaware                     RESTRAINING ORDER AND ORDER TO
     corporation,                                    SHOW CAUSE WHY A PRELIMINARY
                                                     INJUNCTION SHOULD NOT ISSUE**
18                    *Defendants*.
                                                     Judge:  The Hon. Joseph C. Spero
19                                                   Ctrm.:  Courtroom F – 15th Floor
                                                     Date:   TBD
20                                                   Time:   TBD

21

22

23

24

25

26

27

28

---

Having considered Defendants BrandTotal Ltd. and Unimania, Inc.'s ("BrandTotal") *Ex Parte* Motion for Issuance of a Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue ("Motion") against Facebook, Inc. ("Facebook"), and Facebook having been provided notice on October 14, 2020 and good cause appearing therefore:

IT IS HEREBY ORDERED THAT Defendants' Motion is GRANTED.

The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction. *See Randazza v. Cox*, 920 F. Supp. 2d 1151, 1155 (2013). To obtain a temporary restraining order or a preliminary injunction, the moving party must demonstrate: 1) a likelihood of success on the merits; 2) a likelihood of irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in the plaintiff's favor; and 4) that an injunction is in the public interest. *See id*. The Ninth Circuit has held that district courts may issue a temporary restraining order if the first two elements are met, and there are serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff. *See Alliance for the Wild Rockies v. Cottrell*, 632 F. 3d 1127, 1134–35 (2011).

BrandTotal has sufficiently met this standard, showing that:

(1) absent injunctive relief, BrandTotal is likely to suffer irreparable harm, including substantial disruption to its business;

(2) the balance of equities tips decidedly in BrandTotal's favor;

(3) BrandTotal is likely to succeed on the merits of its claims as well as Facebook's claims; and

(4) the public interest would be served by the issuance of a temporary restraining order.

Accordingly, this Court hereby GRANTS BrandTotal's Motion in its entirety and ORDERS as follows:

1. Plaintiff Facebook, Inc. is ordered to:

   a. rescind the takedown request to remove BrandTotal's "UpVoice" browser extension from the Google Chrome Web Store and take other reasonable actions in communication with Google to make the recession effective so that UpVoice

1        is again available on the Google Chrome Web Store;

2            b.   reverse its "technical enforcement measures" blocking UpVoice from

3                Facebook's platform; and

4            c.   restore the BrandTotal and other BrandTotal principals' Facebook pages.

5        2.   This temporary restraining order shall take effect immediately and remain in effect until

6            the hearing on a preliminary injunction.

7        3.   Facebook is ordered to appear in Courtroom F in the United States District Court for

8            the Northern District of California, San Francisco Division, on

9            _____, 2020 at _____am/pm to show cause, if there is any, why

10           this Court should not enter a preliminary injunction as requested by BrandTotal.

11       4.   No bond shall be required, as Facebook is not likely to be harmed by being so enjoined.

12

13   IT IS SO ORDERED.

14

15   Dated: _____, 2020            _____

16                                              Honorable Joseph C. Spero
                                                Chief Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28