# Exhibit L



| Home | Bill Information | California Law | Publications | Other Resources | My Subscriptions | My Favorites |

**AB-375 Privacy: personal information: businesses.**  (2017-2018)

| Bill Analysis |
|---|
| 06/28/18- Senate Appropriations |
| 06/28/18- Senate Floor Analyses |
| 06/27/18- Assembly Privacy And Consumer Protection |
| 06/27/18- Assembly Floor Analysis |
| 06/25/18- Senate Judiciary |
| 09/15/17- Senate Floor Analyses |
| 07/18/17- Senate Judiciary |
| 07/17/17- Senate Energy, Utilities And Communications |
| 04/28/17- Assembly Privacy And Consumer Protection |
| 03/24/17- Assembly Privacy And Consumer Protection |

| | |
|---|---|
| **SENATE RULES COMMITTEE**<br>Office of Senate Floor Analyses<br>(916) 651-1520    Fax: (916) 327-4478 | AB 375 |

## THIRD READING

Bill No:   AB 375
Author:    Chau (D) and Hertzberg (D), et al.
Amended:   6/25/18 in Senate
Vote:      21

SENATE JUDICIARY COMMITTEE:  5-2, 7/18/17
AYES:  Jackson, Hertzberg, Monning, Stern, Wieckowski
NOES:  Moorlach, Anderson

SENATE ENERGY, U. & C. COMMITTEE:  9-1, 7/18/17
AYES:  Hueso, Bradford, Cannella, Hertzberg, Hill, McGuire, Skinner, Stern, Wiener
NOES:  Vidak
NO VOTE RECORDED:  Morrell

SENATE JUDICIARY COMMITTEE:  5-0, 6/26/18 (Pursuant to Senate Rule 29.10)
AYES:  Jackson, Hertzberg, Monning, Stern, Wieckowski
NO VOTE RECORDED:  Moorlach, Anderson

SENATE APPROPRIATIONS COMMITTEE:  6-1, 6/28/18
AYES:  Portantino, Bates, Beall, Bradford, Hill, Wiener
NOES:  Nielsen

ASSEMBLY FLOOR:  77-0, 5/11/17 (Consent) - See last page for vote

**SUBJECT:**   Privacy:  personal information:  businesses

**SOURCE:**   Common Sense Kids Action

**DIGEST:**   This bill provides consumers the right to access their personal information that is collected by a business, the right to delete it, the right to know what personal information is collected, the right to know whether and what personal information is being sold or disclosed, the right to stop a business from selling their information, and the right to equal service and price. Each right

contains certain exceptions. This bill provides a modified, private right of action for data breaches and allows for enforcement by the Attorney General for other violations with a right to cure for businesses in violation, as specified.

**ANALYSIS:**

Existing law:

1) Provides, through the California Constitution, that all people are by nature free and independent and have inalienable rights. Among these is pursuing and obtaining privacy. (Cal. Const., Art. I, Sec. 1.)

2) Regulates the information practices of various industries. Examples of such laws include the federal Gramm-Leach-Bliley Act (which regulates financial institutions), Health Insurance Portability and Accountability Act (which regulates the health care industry), the state Confidentiality in Medical Information Act (protects information maintained by the health care industry), the California Financial Information Privacy Act (protects information maintained by financial institutions), the Student Online Personal Information Protection Act (protects student information on K-12 Web sites or applications), and the Insurance Information Privacy Act (protects information maintained by the insurance industry).

3) Establishes the Children's Online Privacy Protection Act to provide protections and regulations regarding the collection of personal information from children under the age of 13. (15 U.S.C. Sec. 6501 et seq.)

4) Provides that every telecommunications carrier has a duty to protect the confidentiality of proprietary information of, and relating to, other telecommunication carriers, equipment manufacturers, and customers, including telecommunication carriers reselling telecommunications services provided by a telecommunications carrier. A telecommunications carrier that receives or obtains proprietary information from another carrier for purposes of providing any telecommunications service shall use such information only for such purpose, and shall not use such information for its own marketing efforts. (47 U.S.C. Sec. 222.)

5) Provides, in the California Customer Records Act, requirements for the maintenance and disposal of customer records and the personal information contained therein. (Civ. Code Sec. 1798.80 et seq.)

6) Requires a business that owns, licenses, or maintains personal information about a California resident to implement and maintain reasonable security

procedures and practices appropriate to the nature of the information, to protect the personal information from unauthorized access, destruction, use, modification, or disclosure and requires such businesses to contractually require nonaffiliated third parties to which it discloses such personal information to similarly protect that information. (Civ. Code Sec. 1798.81.5(b), (c).)

7) Requires a business to take all reasonable steps to dispose, or arrange for the disposal, of customer records within its custody or control containing personal information when the records are no longer to be retained by the business by shredding, erasing, or otherwise modifying the personal information in those records to make it unreadable or undecipherable through any means. (Civ. Code Sec. 1798.81.)

8) Requires, through the data breach notification law, any agency, person, or business that owns or licenses computerized data that includes personal information to disclose a breach of the security of the system to any California resident whose unencrypted personal information was, or is reasonably believed to have been, acquired by an unauthorized person. The disclosure must be made in the most expedient time possible and without unreasonable delay, consistent with the legitimate needs of law enforcement, as specified. (Civ. Code Secs. 1798.29(a), (c) and 1798.82(a), (c).)

9) Requires any agency, person, or business that maintains computerized data that includes personal information that the agency, person, or business does not own to notify the owner or licensee of the information of any security breach immediately following discovery if the personal information was, or is reasonably believed to have been, acquired by an unauthorized person. (Civ. Code Secs. 1798.29(b), 1798.82(b).)

10) Requires, among other things, that the privacy policy identify the categories of personally identifiable information that the operator collects about individual consumers and the categories of third-party persons or entities with whom the operator may share that information. (Bus. & Prof. Code Secs. 22575 & 22576.)

This bill:

1) Establishes the California Consumer Privacy Act of 2018 (the Act) to become operative on January 1, 2020, contingent on the privacy initiative being withdrawn from the ballot pursuant to Section 9604 of the Elections Code.

2) Provides that a consumer shall have the right to request that a business that collects a consumer's personal information disclose to that consumer the categories and specific pieces of personal information the business has collected. Such business would be required to inform consumers as to the categories of personal information to be collected and the purposes for which the categories of personal information shall be used.

3) Provides that a consumer shall have the right to request that a business delete any personal information about the consumer which the business has collected from the consumer. Upon such a request, the business would be required to delete the information from its records and direct any service providers to do the same, except as provided. This right to delete would need to be disclosed by businesses collecting personal information.

4) Provides that a consumer shall have the right to request that a business that collects personal information about the consumer disclose to the consumer certain information, and the business shall disclose such information.

5) Provides consumers the right to request a business that sells or discloses their personal information disclose certain information.

6) Prohibits a third party from selling personal information about a consumer that has been sold to the third party by a business unless the consumer has received explicit notice and is provided an opportunity to exercise the right to opt out.

7) Provides consumers a right, at any time, to direct a business that sells personal information about the consumer to third parties not to sell that information. Minors must consent to the sale of their personal information before a business can sell it.

8) Prohibits discrimination against a consumer because the consumer exercised their rights under the bill. Such discrimination would include:

- denying goods or services to the consumer;

- charging different prices or rates for goods or services, including through the use of discounts or other benefits or imposing penalties;

- providing a different level or quality of goods or services to the consumer, if the consumer exercises the consumer's rights under this title; and

- suggesting that the consumer will receive a different price or rate for goods or services or a different level or quality of goods or services.

9) Provides that the above provision does not prohibit a business from charging a consumer a different price or rate, or from providing a different level or quality of goods or services to the consumer, if that difference is reasonably related to the value provided to the consumer by the consumer's data. It allows businesses to offer financial incentives and a different price, rate, level, or quality of goods or services to the consumer if that price or difference is directly related to the value provided to the consumer by the consumer's data. A business would be prohibited from using financial incentive practices that are unjust, unreasonable, coercive, or usurious in nature.

10) Establishes procedures and timelines for complying with the Act's requirements and requires businesses to disclose specified information in its online privacy policy.

11) Provides definitions for the key terms used in the Act and the scope and limitations of its application.

12) Provides that if the business does not take action on the request of the consumer, the business would be required to inform the consumer, without delay and at the latest within the time period permitted of response by this section, of the reasons for not taking action and any rights the consumer may have to appeal the decision to the business. The bill also allows a business to charge a reasonable fee or refuse to act on a request if it is manifestly unfounded or excessive, in particular because of its repetitive character. A business would have to notify the consumer of the reason for refusing the request. The business bears the burden of demonstrating that any verified consumer request is manifestly unfounded or excessive.

13) Provides that any consumer whose nonencrypted or nonredacted personal information, as defined in subparagraph (A) of paragraph (1) of subdivision (d) of Section 1798.81.5, is subject to an unauthorized access and exfiltration, theft, or disclosure, as a result of the business' violation of the duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information may institute a civil action to recover damages in an amount between $100 and $750 per consumer per incident or actual damages, whichever is greater; for injunctive or declaratory relief; or any other relief the court deems proper. The court is required to consider specified circumstances in setting the amount of the statutory damages.

14) Provides that a consumer is authorized to bring such actions only if certain requirements are met, including:

- prior to initiating any action against a business for statutory damages, a consumer shall provide 30 days' written notice with specified information. The business has a 30-day right to cure. If cured and the business provides express written assurances that no further violations shall occur, no action may be initiated against the business.

- a consumer bringing an action must notify the Attorney General within 30 days that the action has been filed; and

- the Attorney General, upon receiving such notice shall, within 30 days, do one of the following:
  - notify the consumer bringing the action of the Attorney General's intent to prosecute an action against the violation. If the Attorney General does not prosecute within six months, the consumer may proceed with the action;
  - refrain from acting within the 30 days, allowing the consumer bringing the action to proceed; or
  - notify the consumer bringing the action that the consumer shall not proceed with the action.

15) Provides that a business is in violation of the Act if it fails to cure any alleged violation within 30 days. The Attorney General can seek civil penalties against violators. It provides guidelines for the disbursement of any such penalties assessed or settlements secured.

16) Provides that on or before January 1, 2020, the Attorney General shall solicit public participation to adopt regulations to further the purposes of the Act.

**Background**

Consumers' Web browsing, online purchases, and involvement in loyalty programs also create a treasure trove of information on consumers. Advanced technologies and the use of sophisticated algorithms can create eerily effective profiling and targeted marketing. Therefore, it is of no surprise that a recent study by the Pew Research Center found that 68 percent of American Internet users believe existing law does not go far enough to protect individual online privacy.

In response to these concerns, the proponents of the California Consumer Privacy Act, a statewide ballot initiative have been collecting signatures in order to qualify it for the November 2018, election. According to its Web site, the initiative "establishes new, groundbreaking consumer privacy rights."

This bill integrates many of the elements of the ballot initiative to provide consumers certain rights over their information, with certain exceptions. Consumers would be provided significantly more control over their information and given a modified enforcement mechanism to protect those rights. It makes its operation contingent on the withdrawal of the initiative measure above and becomes operative on January 1, 2020.

**Comments**

The author states, "AB 375, the California Consumer Privacy Act of 2018, ensures that consumers enjoy choice and transparency in the treatment of their personal information when accessing the Internet. Californians should have a right to choose how their personal information is collected and used. AB 375 is a significant step in providing consumers more control over their data."

NOTE: For a more thorough analysis of this bill, please see the Senate Judiciary Committee analysis.

**FISCAL EFFECT:** Appropriation:  No    Fiscal Com.:   Yes    Local:  No

According to the Senate Appropriations Committee:

- *Department of Justice*: The department reports the following personnel, operating, and equipment costs (and positions) associated with the duties imposed by this bill: $139,000 (and 1.0 position) in the 2018-19 fiscal year; $6.72 million (and 57.0 positions) in the 2019-20 fiscal year; and $11.5 million (and 57.0 positions) annually thereafter. (General Fund)

- *Court*: Unknown, potentially-significant cost pressures to the court to adjudicate lawsuits filed by or on behalf of consumers against businesses who are alleged to have violated provisions of the California Consumer Privacy Act of 2018. While the superior courts are not funded on a workload basis, an increase in workload could result in delayed court services and would put pressure on the General Fund to fund additional staff and resources. (General Fund*)

*Trial Court Trust Fund

**SUPPORT:** (Verified  6/28/18)

Common Sense Kids Action (source)
Consumer Attorneys of California

Consumer Watchdog
The Center for Humane Technology

**OPPOSITION:** (Verified 6/28/18)

Advanced Medical Technology Association
American Insurance Association
Association of California Life and Health Insurance Companies
Association of National Advertisers
California Association of Licensed Investigators
California Bankers Association
California Business Properties Association
California Cable and Telecommunications Association
California Chamber of Commerce
California Communications Association
California Community Banking Network
California Credit Union League
California Grocers Association
California Hospital Association
California Land Title Association
California Mortgage Bankers Association
California Retailers Association
Card Coalition
CompTIA
CTIA
HIS Markit
Internet Association
Media Alliance
National Association of Mutual Insurance Companies
National Retail Federation
Pacific Association of Domestic Insurance Companies
Personal Insurance Federation of California
Pharmaceutical Research and Manufacturers of America
Property Casualty Insurers Association of America
Retail Industry Leaders Association
Securities Industry and Financial Markets Association
TechNet

**ARGUMENTS IN SUPPORT:** Common Sense Kids Action, the sponsor of this bill, writes in support: "The California Consumer Privacy Act of 2018 will take the critical first step to protect the privacy of kids, families, and all consumers."

**ARGUMENTS IN OPPOSITION:** A coalition of businesses and organizations writes:

We appreciate the efforts that Senator Hertzberg and Assemblymember Chau have made to craft compromise legislation that would avert a significant ballot fight in November over the so-called "privacy initiative." However, this process has left little room for meaningful policy negotiation with all stakeholders about a bill that stands to impact nearly every California business and consumer.

Since late last week negotiations have intensified with multiple versions of this bill being presented to some in the business community. We are now faced with a "take it, or leave it" scenario which is very problematic given that the business community overall has had little input to these negotiations.

Even more troublesome, the newest amendment expanding the liability in what is supposed to be the "data breach" section of this bill has nothing to do with privacy. It is merely another giveaway to trial lawyers in a bill already riddled with them.

ASSEMBLY FLOOR: 77-0, 5/11/17
AYES: Acosta, Aguiar-Curry, Travis Allen, Arambula, Baker, Berman, Bigelow, Bloom, Bocanegra, Bonta, Brough, Burke, Caballero, Calderon, Cervantes, Chau, Chávez, Chen, Chiu, Choi, Chu, Cooley, Cooper, Cunningham, Dababneh, Daly, Eggman, Flora, Fong, Frazier, Friedman, Gallagher, Cristina Garcia, Eduardo Garcia, Gipson, Gloria, Gomez, Gonzalez Fletcher, Gray, Grayson, Harper, Holden, Irwin, Jones-Sawyer, Kalra, Kiley, Lackey, Levine, Limón, Low, Maienschein, Mathis, Mayes, McCarty, Medina, Melendez, Mullin, Muratsuchi, Nazarian, Obernolte, Quirk, Quirk-Silva, Reyes, Ridley-Thomas, Rodriguez, Rubio, Salas, Santiago, Steinorth, Mark Stone, Thurmond, Ting, Voepel, Waldron, Weber, Wood, Rendon
NO VOTE RECORDED: Dahle, O'Donnell, Patterson

Prepared by: Christian Kurpiewski / JUD. / (916) 651-4113
6/28/18 9:06:57

**** END ****