Rudolph A. Telscher, Jr.* (MO Bar No. 41072)
rudy.telscher@huschblackwell.com
Kara R. Fussner* (MO Bar No. 54656)
kara.fussner@huschblackwell.com
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
314-480-1500 Telephone

Ryan B. Hauer* (IL Bar No. 6320758)
ryan.hauer@huschblackwell.com
HUSCH BLACKWELL LLP
120 South Riverside Plaza Suite 2200
Chicago, IL 60606
312-526-1572 Telephone

*admitted *pro hac vice*

Karl Kronenberger (CA Bar No. 226112)
karl@krinternetlaw.com
Jeffrey M. Rosenfeld (CA Bar No. 222187)
jeff@krinternetlaw.com
KRONENBERGER ROSENFELD, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
415-955-1155 Telephone
415-955-1158 Facsimile

*Attorneys for Defendants Plaintiffs BrandTotal, Ltd. and Unimania, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| FACEBOOK, INC., <br><br> *Plaintiff/Counterclaim Defendant,* <br><br> v. <br><br> BRANDTOTAL, LTD. and UNIMANIA, INC., <br><br> *Defendants/Counterclaim Plaintiffs*. | Case No.: 3:20-CV-07182-JCS <br><br> **DEFENDANTS' RESPONSE TO PLAINTIFF'S ADMISTRATIVE MOTION TO SET BRIEFING SCHEDULE** |

Facebook admits in its Complaint that it took actions that have effectively shut down the business of Defendants/Counterclaim Plaintiffs BrandTotal, Ltd. and Unimania, Inc. (collectively, "BrandTotal"). As BrandTotal discussed with Facebook, Facebook's request to have until Friday to respond is not reasonable given the circumstances, and that the parties should explain the situation to the Court so that it can set the schedule. If the Court requires a TRO response from Facebook prior to hearing the TRO, BrandTotal respectfully asks that it be due Monday. There are several critical factors that are likely to bear on the Court's assessment.

### Facebook Has Nothing to Lose if Temporary Relief Is Granted

With user consent, BrandTotal has been collecting and aggregating advertising data since 2016, including since 2018 through its UpVoice extension, yet Facebook's complaint does not identify any negative fallout to Facebook, or anyone else. As the TRO sets forth, and will not be repeated herein, BrandTotal is effectively out of business and experiencing serious harm as each day passes. Because time is of the essence to only BrandTotal, this militates in favor of a rapid briefing schedule.

### Facebook Never Contacted BrandTotal Prior to Putting It Out of Business and Filing the Lawsuit, and BrandTotal Responded Very Quickly In Assessing the Situation

While Facebook claims in its motion that BrandTotal waited until October 8th to tell Facebook about its need for a TRO, Facebook never contacted BrandTotal prior to the lawsuit to raise any concerns. The first BrandTotal learned of this lawsuit was from the media after Facebook filed its original complaint in California Superior Court. Had Facebook acted in reasonably by discussing the situation with BrandTotal first, BrandTotal would have been up to speed on the issues when the Superior Court complaint was filed. Thus, BrandTotal needing one week to get up to speed and then immediately contacting Facebook about TRO proceedings was reasonable, and does not, as Facebook suggests, militate in favor of granting it more time to respond.

### Facebook Caused the TRO Proceedings to Be Delayed

Facebook's actions reflect a deliberate strategy to delay TRO proceedings. First, Facebook indicated that it wished to discuss settlement, and BrandTotal indicated early on in such discussions that at a minimum, Facebook's actions that caused BrandTotal's UpVoice program to

be shut down, had to be reversed, whether by TRO or settlement – else it would go out of business in short order. Facebook indicated that it could not focus on TRO briefing and settlement at the same time, and insisted that to meet with BrandTotal to discuss settlement, BrandTotal would have to delay seeking a TRO until Friday, October 16th. Although BrandTotal told Facebook that it wanted to move for a TRO on Tuesday, October 13th, it realized that a settlement could be a more efficient resolution and agreed to the delay. These discussions are reflected in emails.

Despite BrandTotal requesting a settlement meeting on either Monday, October 12th or Tuesday October 13th, Facebook indicated the first it could meet was Wednesday, October 14th. The settlement meeting occurred, but Facebook representatives stated at the settlement meeting, and never before, that they had no settlement authority to allow BrandTotal to have access to the data it needed to run its business. Had BrandTotal known this in advance, it obviously would not have agreed to delay having the TRO heard until Friday, October 16th.

Also of note is that per the agreement to delay to October 16th, and per Superior Court procedure, BrandTotal had to first send formal notice of the TRO relief it sought on Wednesday morning (10:00 am), and then per the court clerk file its TRO moving papers by 12:00 pm Thursday, October 15th in order to have the TRO decided on Friday, October 16th. Facebook never objected to this procedure or the time it would have with BrandTotal's brief. While it claims it now needs seven days, it never made that demand prior to new counsel, Wilmer Hale, entering. And, but for Facebook's actions below, it would have had BrandTotal's TRO brief a day-and-a-half earlier on October 15th.

**Facebook Causes Further Delay by Dismissing the Original State Court Complaint in Favor of a Federal Complaint with Several New Causes of Action with No Notice to BrandTotal**

Despite Facebook knowing that BrandTotal would file a TRO in state court as of October 8th, and despite BrandTotal serving formal notice of the TRO per state rules on October 14th as stated above, Facebook never informed BrandTotal at any time prior to Wednesday evening the 14th that it intended to dismiss its Superior Court complaint, and that it intended to file a federal complaint with several new causes of action. Indeed, the Superior Court case had only one liability cause for breach of contract.

On the evening of Wednesday, October 14th, and after the settlement meeting, Facebook for the first time told BrandTotal that it was dismissing the Superior Court complaint and was filing in this District. As the Court can imagine, BrandTotal had a TRO ready to be filed the next morning in Superior Court, and while plenty of the work was usable for the federal TRO, there was substantial waste. Facebook readily could have forecasted its federal complaint earlier in the week, and it is clear it had the plan well before Wednesday, given the additional causes of action. Notwithstanding that Facebook filed the new federal complaint with several new causes of action, BrandTotal worked around the clock to get the revised TRO on file by yesterday, early evening. The notion that BrandTotal somehow delayed this filing is unfounded.

### A TRO in BrandTotal's Favor Still Requires Action by Google, Which Will Likely Delay Relief Even Further

Critically, even if this Court grants the emergency relief requested, and BrandTotal desperately hopes it does, this only means the Court will be ordering Facebook to contact Google to withdraw its request to have UpVoice taken down, which Facebook admits it did to get UpVoice taken down. But, this is not a light switch. There is no telling how quickly Google will respond. That too, could take several days or even a week. Indeed, if Google does not respond, BrandTotal may have to file an action to seek a TRO against Google. As the Court can hopefully appreciate, BrandTotal is in a very difficult predicament. Indeed, there is virtually no chance a court would enter a injunction ordering Google to reinitiate BrandTotal's UpVoice program until this Court rules that Facebook's complaint against BrandTotal is likely to fail, else Google would defend the action by simply saying it is bound by Facebook's allegations of wrongdoing.

### Summary

Given the foregoing, BrandTotal leaves it to the Court to decide what is fair. But, BrandTotal believes Facebook's request for a week to respond is too long given: (1) the dire circumstances facing BrandTotal; (2) Facebook's conduct in delaying matters, and; (3) the fact that, as the largest social network in the world, Facebook has near unlimited resources. Further, a more rapid schedule is consistent with the parties' agreement regarding BrandTotal's Superior Court TRO that would have been heard yesterday. Per that agreement Facebook would have had

only approximately one day with BrandTotal's brief before a hearing. The likely reason Facebook agreed to that schedule is because Facebook has literally nothing to lose if BrandTotal's deidentified (not personal) data stream is turned back on as a matter of temporary relief. Facebook should not be able to file a new complaint without notice to BrandTotal, switch law firms (or add a new lead counsel firm) and then back out on the deal it struck, especially given the harm accruing to BrandTotal with each passing day. Further, in discussions with Facebook's new firm, it conceded that it would be working all weekend on its response. While normally, as a matter of civility, that is not expected of an opponent, here, Facebook effectively put a company out of business with no notice, and then took further actions to delay the TRO. Therefore, to the extent the Court requires a response to the TRO from Facebook, BrandTotal respectfully requests the Court set the response to be due Monday, October 19th.

Date: October 17, 2020

Respectfully submitted,

By: /s/ Rudolph A. Telscher, Jr.

Rudolph A. Telscher, Jr.*
rudy.telscher@huschblackwell.com
Kara R. Fussner*
kara.fussner@huschblackwell.com
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
314-480-1500 Telephone

Ryan B. Hauer*
ryan.hauer@huschblackwell.com
HUSCH BLACKWELL LLP
120 South Riverside Plaza Suite 2200
Chicago, IL 60606
312-526-1572 Telephone
*admitted *pro hac vice*

William E. Corum (to be admitted *pro hac vice*)
william.corum@huschblackwell.com
HUSCH BLACKWELL LLP
4800 Main Street, Ste. 1000
Kansas City, MO 64112
816-983-8000 Telephone

David Stauss (to be admitted *pro hac vice*)
david.stauss@huschblackwell.com
HUSCH BLACKWELL LLP
180 1 Wewatta Street, Suite 1000
Denver, CO 80202
303-749-7200 Telephone

Karl Kronenberger (CA Bar No. 226112)
karl@krinternetlaw.com
Jeffrey M. Rosenfeld (CA Bar No. 222187)
jeff@krinternetlaw.com
KRONENBERGER ROSENFELD, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
415-955-1155 Telephone
415-955-1158 Facsimile

***Attorneys for Defendants BrandTotal, Ltd. and Unimania, Inc.***

Defendants' Response to Administrative Motion to Set Briefing Schedule    5    Case No. 3:20-CV-07182-JCS

# CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of October, 2020, I caused the foregoing to be filed electronically with the Clerk of Court and to be served via the Court's Electronic Filing System upon all counsel of record, and to be served via email on all counsel of record at the following:

WILMER CUTLER PICKERING
HALE AND DORR LLP
Sonal N. Mehta (SBN 222086)
sonal.mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, CA 94306 USA
Telephone: 650 600 5051

HUNTON ANDREWS KURTH LLP
Ann Marie Mortimer (State Bar No. 169077)
amortimer@HuntonAK.com
Jason J. Kim (State Bar No. 221476)
kimj@HuntonAK.com
Jeff R. R. Nelson (State Bar No. 301546)
jnelson@HuntonAK.com
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: (213) 532-2000
Facsimile: (213) 532-2020

***Attorneys for Plaintiff/Counterclaim Defendant Facebook, Inc.***

/s/ Rudolph A. Telscher, Jr.