**Supplemental Declaration of Alon Leibovich**

I, Alon Leibovich, state and declare under penalty of perjury as follows:

1.      I submit this supplemental declaration in support of BrandTotal's Reply to its Motion for Temporary Restraining Order. I am over the age of eighteen and I have personal knowledge of the facts set forth below.  If called as a witness, I could and would testify competently to these facts and statements.

**Facebook's Actions Resulted in the DeListing of UpVoice**

2.      In Facebook's opposition to the motion for temporary restraining order, it questions whether Facebook's actions resulted in the removal of UpVoice from the Google Chrome Store.

3.      The UpVoice extension had been on the Google Chrome Store since at least June 2019, and at no time prior to Facebook's actions had Google communicated any concern about it to BrandTotal. It was not until after Facebook's communications that Google removed the extension, leading BrandTotal to believe that Facebook's actions directly caused the removal.

**Irreparable Harm and Loss of Customers**

4.      As I said in my original declaration, access to data generated on the Facebook platform is critical to our business. Without it, we cannot provide the analytics promised to our customers.

5.      Our customers ███████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████

6.      ███████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████

HB: 4827-2407-0095.1

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

███████████████████████████████████████████

██████████████████████████████ is attached as Exhibit P.

7.  Facebook notes that BrandTotal previously completed a round of venture capital financing and implies that as a result, BrandTotal is not close to financial ruin. This is not accurate.

8.  ███████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████

9.  As a practical matter the company cannot long survive without a TRO as I stated in my original declaration. ████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████

**Our Participants Want Our Service**

10. Our users appreciate our service, and the opportunity to monetize their own data that our service affords them.

HB: 4827-2407-0095.1

11. Just today, I received an unsolicited LinkedIn post that congratulated us for "fighting for the users' rights and to prevent monopoly when it comes to data ownership" in this matter with Facebook. A true and correct copy of the LinkedIn communication is attached as Exhibit Q.

\* \* \*

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed this 22nd day of October 2020.

_____
Alon Leibovich

HB: 4827-2407-0095.1