1

2

3

4                                    UNITED STATES DISTRICT COURT

5                                  NORTHERN DISTRICT OF CALIFORNIA

6

7     FACEBOOK, INC.,                              Case No.  20-cv-07182-JCS

8                     Plaintiff,                   **ORDER TO SHOW CAUSE WHY
                                                   ADMINISTRATIVE MOTIONS TO
9          v.                                      FILE UNDER SEAL SHOULD NOT BE
                                                   DENIED AND WHY ORDER DENYING
10    BRANDTOTAL LTD., et al.,                     TRO SHOULD NOT BE FILED IN THE
                                                   PUBLIC RECORD**
11                    Defendants.
                                                   Re: Dkt. Nos. 26, 38, 49, 58

12

13          Defendants BrandTotal Ltd. and Unimania, Inc. (collectively, "BrandTotal") moved to seal

14    portions of their motion for a temporary restraining order, reply brief, and other documents

15    supporting that motion.  Plaintiff Facebook, Inc. moved to seal portions of its opposition brief

16    based on BrandTotal's assertions of confidentiality, and BrandTotal filed a responsive declaration

17    supporting sealing that information.  In an order filed provisionally under seal, the Court has now

18    DENIED BrandTotal's underlying motion for a temporary restraining order.

19          In civil action in federal court, a party must show "compelling reasons" to file a document

20    under seal in connection with a motion "more than tangentially related to the merits," which

21    includes motions for preliminary injunctive relief.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809

22    F.3d 1092, 1096, 1102 (9th Cir. 2016).  Requests to file under seal "must be narrowly tailored to

23    seek sealing only of sealable material," which often requires redactions rather than sealing of

24    documents in their entirety.  *See* Civ. L.R. 79-5(b).

25          While the Court appreciates BrandTotal's restraint in identifying only discrete sections of

26    the documents at issue for sealing, significant portions of BrandTotal's proposed redactions

27    overlap with unredacted arguments in BrandTotal's briefs.  Other portions of the proposed

28    redactions describe the operation of a software product whose source code was made available to

United States District Court
Northern District of California

1   the public, and which a Facebook witness who analyzed that source code describes in detail in a

2   public declaration.  The Court therefore concludes that BrandTotal has not "narrowly tailored" its

3   request, as required by Local Rule 79-5(b), to only seek redaction of material where compelling

4   reasons require sealing.  BrandTotal is ORDERED TO SHOW CAUSE why all of the pending

5   motions to seal should not be denied, by filing a renewed consolidated request no later than

6   November 9, 2020 identifying narrower portions of the documents at issue that must be redacted.[1]

7        In an abundance of caution, because the Court's November 2, 2020 order denying the

8   underlying motion references material that BrandTotal moved to seal, the Court has filed that

9   order provisionally under seal.  If BrandTotal believes compelling reasons support maintaining

10  any portion of that order under seal, BrandTotal may propose redactions to the order by the same

11  deadline.

12       **IT IS SO ORDERED.**

13  Dated: November 2, 2020

14  _____
    JOSEPH C. SPERO
15  Chief Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

---

[1] The documents at issue are BrandTotal's motion, Oren Dor's declaration, Alon Leibovich's first declaration and certain exhibits thereto, Facebook's opposition brief, BrandTotal's reply brief, Alon Leibovich's reply declaration, and BrandTotal's Exhibit P.