WILMER CUTLER PICKERING HALE
AND DORR LLP
SONAL N. MEHTA (SBN 222086)
sonal.mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, CA 94306 USA
Telephone: (650) 858-6000

ARI J. HOLTZBLATT (*pro hac vice*)
ari.holtzblatt@wilmerhale.com
ALLISON SCHULTZ (*pro hac vice*)
allison.schultz@wilmerhale.com
ROBIN C. BURRELL (*pro hac vice*)
robin.burrell@wilmerhale.com
1875 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 663-6000

HUNTON ANDREWS KURTH LLP
ANN MARIE MORTIMER (SBN 169077)
amortimer@HuntonAK.com
JASON J. KIM (SBN 221476)
kimj@HuntonAK.com
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: (213) 532-2000

*Attorneys for Facebook, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| FACEBOOK, INC., a Delaware corporation.<br><br>Plaintiff/Counterclaim Defendant<br><br>v.<br><br>BRANDTOTAL LTD., an Israeli corporation, and UNIMANIA, INC., a Delaware corporation<br><br>Defendants/Counterclaim Plaintiffs. | Case No. 3:20-CV-07182-JCS<br><br>**PLAINTIFF FACEBOOK, INC.'S RESPONSE TO DEFENDANTS BRANDTOTAL, LTD., AND UNIMANIA, INC.'S ADMINISTRATIVE MOTION TO REFER CASE TO SETTLEMENT CONFERENCE PURSUANT TO LOCAL CIVIL RULE 7-11 AND LOCAL ADR RULE 3-2**<br><br>Judge: The Hon. Joseph C. Spero<br>Ctrm: Courtroom F-15th Floor<br>Date: In Chambers<br>Time: In Chambers |

Facebook is, as it has been for weeks, happy to engage in settlement discussions with BrandTotal; but for such discussions to be productive, BrandTotal must first do the work of determining how it can provide services to its clients without continuing to violate Facebook's Terms of Service. Because BrandTotal still has not done that work, a settlement conference would, at this time, be premature.

In support of its request for an order referring this case to settlement conference and to support its contention that "Facebook likely does not have the same sense of urgency that BrandTotal has" to discuss settlement, BrandTotal's counsel attests "My last communication asking Facebook its position regarding a settlement conference was on December 17, 2020." Dkt. No. 81-1 (Teschler Decl.) at ¶ 5. But the declaration omits a lengthy conversation between the parties (including Mr. Teschler and two of his colleagues) on December 18, 2020, and follow-up emails between the parties between December 20 and 21, 2020. *See* Declaration of Sonal Mehta in Support of Facebook's Response to BrandTotal's Motion To Refer Case to Settlement Conference (Mehta Decl.) at ¶¶ 6-7. Those communications, and the parties' multiple discussions over the last couple of months, confirm that BrandTotal's request for a settlement conference is premature. Mehta Decl. at Exs. A-C. Facebook has repeatedly expressed a willingness to work with BrandTotal to resolve this matter if BrandTotal will remediate its conduct and work within approved channels to access data from the Facebook platform (like Facebook's application programming interfaces ("APIs")). Mehta Decl. at ¶¶ 3-4, Exs. A-B. Facebook has even gone so far as to point BrandTotal to information about tools that would allow it BrandTotal to determine how to operate within Facebook's terms. *Id.*

Instead, BrandTotal elected to cut short the parties' ongoing discussions and filed the instant motion. Facebook is of course willing to continue informal settlement discussions or to participate in a private mediation or a settlement conference before another judge. However, before a judge or mediator (or Facebook itself) invests time in the process, Facebook would ask the mediator or judge to require BrandTotal to show that it is prepared to operate within Facebook's approved channels for accessing the Platform. Facebook cannot allow BrandTotal to continue to scrape data in violation of its terms, and it cannot engineer BrandTotal's tools so it can offer its services to clients without scraping data. For that reason, a meaningful discussion about settlement is impossible unless and until BrandTotal familiarizes itself with the Platform and APIs and works out how to comply with the terms that govern the use of the

1

CASE NO. 3:20-CV-07182-JCS

FACEBOOK'S RESPONSE TO MAR TO REFER CASE TO SETTLEMENT CONF.

Platform. That is work that BrandTotal needs to do itself – just as thousands and thousands of developers that successfully operate on the Platform while playing by the rules have done.  Until then, any delay in settlement discussions here is not based on a lack of urgency on Facebook's part, but a lack of willingness on BrandTotal's part to operate within established and authorized channels.

Dated: December 28, 2020

WILMER CUTLER PICKERING HALE AND DORR LLP

By: /s/ Sonal N. Mehta
SONAL N. MEHTA

*Attorney for Plaintiff/Counterclaim Defendant Facebook Inc.*

2

CASE NO. 3:20-CV-07182-JCS

FACEBOOK'S RESPONSE TO MAR TO REFER CASE TO SETTLEMENT CONF.

# CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2020, I electronically filed the above document with the Clerk of the Court using CM/ECF which will send electronic notifications of such filing to all registered counsel.

Dated: December 28, 2020          By:   */s/ Sonal N. Mehta*
                                         SONAL N. MEHTA

                                         *Attorney for Plaintiff/Counterclaim Defendant*
                                         Facebook Inc.

3

CASE NO. 3:20-CV-07182-JCS                             FACEBOOK'S RESPONSE TO MAR TO
                                                       REFER CASE TO SETTLEMENT CONF.