WILMER CUTLER PICKERING HALE
AND DORR LLP
SONAL N. MEHTA (SBN 222086)
sonal.mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, CA 94306 USA
Telephone: (650) 858-6000

ARI J. HOLTZBLATT (*pro hac vice*)
ari.holtzblatt@wilmerhale.com
ALLISON SCHULTZ (*pro hac vice*)
allison.schultz@wilmerhale.com
ROBIN C. BURRELL (*pro hac vice*)
robin.burrell@wilmerhale.com
1875 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 663-6000

HUNTON ANDREWS KURTH LLP
ANN MARIE MORTIMER (SBN 169077)
amortimer@HuntonAK.com
JASON J. KIM (SBN 221476)
kimj@HuntonAK.com
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: (213) 532-2000

*Attorneys for Facebook, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| FACEBOOK, INC., a Delaware corporation.<br><br>            Plaintiff/Counterclaim Defendant<br><br>     v.<br><br>BRANDTOTAL LTD., an Israeli corporation, and UNIMANIA, INC., a Delaware corporation<br><br>            Defendants/<br>            Counterclaim Plaintiffs. | Case No. 3:20-CV-07182-JCS<br><br>**DECLARATION OF SONAL N. MEHTA IN SUPPORT OF PLAINTIFF FACEBOOK, INC.'S RESPONSE TO DEFENDANTS BRANDTOTAL, LTD., AND UNIMANIA, INC.'S ADMINISTRATIVE MOTION TO REFER CASE TO SETTLEMENT CONFERENCE PURSUANT TO LOCAL CIVIL RULE 7-11 AND LOCAL ADR RULE 3-2**<br><br>Judge:  The Hon. Joseph C. Spero<br>Ctrm:   Courtroom F-15th Floor<br>Date:   In Chambers<br>Time:   In Chambers |

I, Sonal N. Mehta, declare as follows:

1. I am a partner at Wilmer Cutler Pickering Hale and Dorr LLP. I represent Defendant Facebook, Inc. in the above-captioned action. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would competently testify to them.

2. Before and since the Court's TRO Order, the parties have communicated repeatedly about potential resolution of this matter. By agreement of the parties, those communications were agreed not to be settlement communications subject to Rule 408.

3. A true and correct copy of an email chain between BrandTotal and Facebook's counsel dating October 20 to October 30, 2020 is attached hereto as **Exhibit A**. In this chain, Facebook pointed BrandTotal to detailed information about its APIs and Ad Library and outlined the remediation process that Facebook would require to resolve this matter.

4. A true and correct copy of an email chain between BrandTotal and Facebook's counsel dating November 3 to November 20, 2020 is attached hereto as **Exhibit B**. In this chain, Facebook stated, among other things:

> Instead, Judge Spero counseled the parties to discuss ways for Defendants to obtain the information they claim they need for their product offerings via established channels. Since the hearing, we have repeatedly asked Defendants to review the Ad Library data and the relevant APIs and developer documentation to work out how they will access the information that they need through established channels. We also directed Defendants to APIs that provide advertising information and to public page content access information (see https://developers.facebook.com/docs/graphapi/reference/page#public-page-data, which includes Page Public Content Access (PPCA), Page Public Metadata Access (PPMA), pages_read_engagement permission, and pages_read_user _content). We have received no indication that Defendants have reviewed the APIs and Ad Library to determine how they will access the information they are seeking via approved means – indeed, we have received no response to all to our latest communication identifying possible sources for the information Defendants seek, which we sent over a week ago. Given Defendants protestations that they are in dire financial circumstances, it would seem that Defendants would be better served working to bring themselves into compliance with Facebook's terms and working through approved channels to access data from the platform than expending time and money litigating a PI that would be futile in view of the Court's TRO ruling.

*See* November 9, 2020 Email from S. Mehta.

> As to the substance of your request for business-to-business discussions, we continue to be puzzled by BrandTotal's insistence on having those discussions before it has engaged with the available information about Facebook APIs and the Ad Library, including the specific

1

CASE NO. 3:20-CV-07182-JCS
ActiveUS 184017570v.1

MEHTA DECL ISO FACEBOOK'S RESPONSE
TO MAR TO REFER CASE TO SETTLEMENT CONF.

channels we have directed you to. While you have said that BrandTotal has concluded that it cannot get the same information it was scraping from established channels, you have not articulated, substantively, why BrandTotal cannot offer the services it seeks to offer to its customers based on information that is available. That may require BrandTotal to do some engineering work to design its tools to work within the bounds of the Facebook APIs. But it is incumbent on BrandTotal to make the effort, as thousands and thousands of other developers do, to develop its products and services to function within terms and policies that govern the Facebook platform. For obvious reasons given the number of developers and apps that engage with the Facebook platform, Facebook is not a position to do that development work for developers. It has, instead, created developer documentation and other resources to enable developers to build their own tools. We have repeatedly directed you to that information, but have received no indication that BrandTotal has sought to use that information to bring itself into compliance with Facebook's terms.

*See* November 20, 2020 Email from S. Mehta.

5. A true and correct copy of the continued email chain between BrandTotal and Facebook's counsel dating November 20 to December 15, 2020 is attached hereto as **Exhibit C**.

6. On Friday December 18, 2020, I and other counsel for Facebook had a meet and confer videoconference with counsel for BrandTotal including Mr. Techsler (who participated by telephone), Ms. Fussner, and Mr. Taylor. During that call, the parties discussed at length the ongoing back-and-forth about settlement. Counsel for Facebook repeated its prior suggestion that BrandTotal review the APIs and Ad Library to determine how it could offer services to its clients within authorized channels. We also stated that, if BrandTotal would do the leg-work to review the information Facebook has provided about its APIs and Ad Library to see how BrandTotal can provide services to its clients by accessing Facebook's platform through approved channels, Facebook is willing to work with BrandTotal to discuss the process for remediatings its conduct and potential settlement of this lawsuit. I also explained to BrandTotal's counsel that Facebook has entire teams of people working on different aspects of its APIs, and that it would be difficult to figure out who to even include in a business-to-business meeting until BrandTotal did the necessary leg-work to determine what information it needs to provide its services to customers that it cannot obtain through authorized channels. I and my co-counsel also explained again that BrandTotal may need to do some engineering work to figure out how to offer services to its customers based on the information that is available through authorized channels. During the call, BrandTotal's counsel, Ms. Fussner informed counsel for Facebook that BrandTotal had looked at Facebook's APIs and Ad Library to

2

CASE NO. 3:20-CV-07182-JCS                                    MEHTA DECL ISO FACEBOOK'S RESPONSE
                                                              TO MAR TO REFER CASE TO SETTLEMENT CONF.

see if BrandTotal could obtain information for its services through authorized means and had concluded that certain information was not available. Counsel for BrandTotal said they would be producing that information as part of the parties' preliminary injunction-related discovery and also agreed to provide it separately to facilitate discussions. I and co-counsel agreed that we would review the information and discuss it with Facebook.

7. On Sunday, December 20, BrandTotal's counsel shared two documents relating to its analysis of Facebook's APIs with Facebook's counsel. BrandTotal unilaterally designated those communications as confidential and Subject to Rule 408. On December 21, I responded and asked for permission to share the information with in-house counsel at Facebook so we could follow-up. I exchanged emails with counsel for BrandTotal who ultimately agreed that afternoon that I could do so. That evening, without any further communication or correspondence on the subject, BrandTotal filed the instant motion for administrative relief.

Dated: December 28, 2020

WILMER CUTLER PICKERING HALE AND DORR LLP

By: /s/ Sonal N. Mehta
SONAL N. MEHTA

*Attorney for Plaintiff/Counterclaim Defendant*
Facebook Inc.

3

CASE NO. 3:20-CV-07182-JCS

MEHTA DECL ISO FACEBOOK'S RESPONSE TO MAR TO REFER CASE TO SETTLEMENT CONF.

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 28, 2020, I electronically filed the above document with the Clerk of the Court using CM/ECF which will send electronic notifications of such filing to all registered counsel.

Dated:  December 28, 2020  By:  */s/ Sonal N. Mehta*
SONAL N. MEHTA

*Attorney for Plaintiff/Counterclaim Defendant*
Facebook Inc.

4

CASE NO. 3:20-CV-07182-JCS         MEHTA DECL ISO FACEBOOK'S RESPONSE
TO MAR TO REFER CASE TO SETTLEMENT CONF.