UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BRANDTOTAL LTD., et al.,<br><br>　　　　　Defendants. | Case No. 20-cv-07182-JCS<br><br>**ORDER RESOLVING DISCOVERY DISPUTE AND DENYING ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 91, 92 |

　　　　The parties have filed a joint discovery letter regarding certain interrogatories and deposition topics propounded by Defendants BrandTotal Ltd. and Unimania Inc. (collectively, "BrandTotal"). BrandTotal seeks information regarding Facebook's enforcement of its terms of use and reporting to the Federal Trade Commission ("FTC") with respect to other incidents of purported data scraping, on the basis that such information is relevant to BrandTotal's claims that Facebook's stated reasons for blocking BrandTotal's access to Facebook's products were a pretext to exclude a potential competitor in advertising data analytics.

　　　　BrandTotal's requests, as limited by its offers of compromise stated in the joint letter, are relevant to its claims and proportional to the needs of the case. Facebook's arguments as to relevancy are better addressed in the context of a motion on the merits. Contrary to Facebook's arguments, the Court's previous denial of BrandTotal's motion for a temporary restraining order does not establish that BrandTotal cannot prevail on its claims. The burden that responding to these limited requests would impose on Facebook is not unreasonable.

　　　　Facebook is therefore ORDERED to: (1) "produce documents similar to the one month report Facebook has already produced, but in unredacted form, from March 2020 (when Facebook first became aware of BrandTotal) to the present," Discovery Letter (dkt. 92) at 2; (2) "identify

those documents pursuant to Federal Rule of Civil Procedure 33(d)" in response to Interrogatory No. 9, *id.*; (3) identify any entities included in the reports that Facebook is aware provide advertising analytics services, *id.*; (4) provide a witness in response to Deposition Topic No. 9 to testify under Rule 30(b)(6) regarding reports to the FTC pertaining to entities that Facebook knows provide advertising analytics services, *id.*; and (5) provide a witness in response to Deposition Topic No. 7 to testify under Rule 30(b)(6) as to "[a]ny protocols or procedures for addressing any instances of perceived 'data scraping' on the Facebook Network," *id.* Ex. D at 4. Facebook shall comply with this order no later than February 10, 2021.

BrandTotal moves to file portions of the joint letter and an exhibit consisting of a redacted report to the FTC under seal on the basis that, as stated in the declaration of Facebook Associate General Counsel Michael Chmelar, "Facebook submits its reports to the Federal Trade Commission confidentially." *See* Chmelar Decl. (dkt. 91-1) ¶ 4. The material sought to be sealed reveals only that Facebook reported data scraping by BrandTotal's products, the fact of which is already in the public record, and—because even the version of the report sought to be sealed is heavily redacted—the *number* of other entities that Facebook reported to the FTC in October of 2020. The parties have identified no harm that would result from disclosure of these materials, and have not shown good cause for sealing. The administrative motion to file under seal is therefore DENIED. BrandTotal shall file the documents at issue in the public record no later than January 15, 2021.

**IT IS SO ORDERED.**

Dated: January 11, 2021

JOSEPH C. SPERO
Chief Magistrate Judge