**HUNTON ANDREWS KURTH LLP**
Ann Marie Mortimer (State Bar No. 169077)
amortimer@HuntonAK.com
Jason J. Kim (State Bar No. 221476)
kimj@HuntonAK.com
Jeff R. R. Nelson (State Bar No. 301546)
jnelson@HuntonAK.com
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone:  (213) 532-2000
Facsimile:  (213) 532-2020

**WILMER CUTLER PICKERING HALE AND DORR LLP**
Sonal N. Mehta (State Bar No. 222086)
sonal.mehta@wilmerhale.com
Thomas G. Sprankling (State Bar No. 294831)
thomas.sprankling@wilmerhale.com
Joseph M. Levy (State Bar No. 329318)
joseph.levy@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, California 94306 USA
Telephone: (650) 600-5051

Attorneys for Plaintiff/Counterclaim Defendant FACEBOOK, INC.

*[Counsel Continued on next page]*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>BRANDTOTAL LTD., an Israeli corporation, and UNIMANIA, INC., a Delaware corporation,<br><br>Defendants/Counterclaim Plaintiffs. | CASE NO.:  3:20-CV-07182-JCS<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:     February 19, 2021<br>Time:    9:30 a.m.<br>Judge:   Hon. Joseph C. Spero<br><br>Courtroom: F<br><br>Complaint Filed: October 14, 2020 |

**WILMER CUTLER PICKERING HALE AND DORR LLP**
Ari Holtzblatt (*pro hac vice*)
ari.holtzblatt@wilmerhale.com
Allison Schultz (*pro hac vice*)
allison.schultz@wilmerhale.com
Robin C. Burrell (*pro hac vice*)
robin.burrell@wilmerhale.com
1875 Pennsylvania Ave, NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

Attorneys for Plaintiff/Counterclaim
Defendant FACEBOOK, INC.

**KRONENBERGER ROSENFELD, LLP**
Karl Kronenberger (State Bar No. 226112)
karl@krinternetlaw.com
Jeffrey M. Rosenfeld (State Bar No. 222187)
jeff@krinternetlaw.com
150 Post Street, Suite 520
San Francisco, California 94108
Telephone: (415) 955-1155

**HUSCH BLACKWELL LLP**
Rudolph A. Telscher, Jr. (*pro hac vice*)
rudy.telscher@huschblackwell.com
Kara R. Fussner (*pro hac vice*)
kara.fussner@huschblackwell.com
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
Telephone: (314) 480-1500

Ryan B. Hauer (*pro hac vice*)
Ryan.hauer@huschblackwell.com
120 South Riverside Plaza, Suite 2200
Chicago, Illinois 60606
Telephone: (312) 526-1572

Attorneys for Defendants/Counterclaim
Plaintiffs BRANDTOTAL, LTD. and UNIMANIA, INC.

**Hunton Andrews Kurth LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Plaintiff/Counterclaim Defendant Facebook, Inc. ("Facebook" or "Plaintiff") and Defendants/Counterclaim Plaintiffs BrandTotal, Ltd. and Unimania, Inc. (together, "Defendants") submit this Joint Case Management Statement, pursuant to Fed. R. Civ. P. 26(f) and the Standing Order for All Judges of the Northern District of California, following the conference of counsel for the parties.

**1.     Jurisdiction and Venue**

This Court has federal question jurisdiction under 28 U.S.C. § 1331 in light of the federal cause of action alleged in the Complaint under the Computer Fraud and Abuse Act ("CFAA"). Similarly, this Court has supplemental jurisdiction over the state law causes of action alleged in the Complaint under 28 U.S.C. § 1367, as those claims arise out of the same nucleus of operative fact as Plaintiff's federal claims.

All named Defendants have been served with process. This Court has personal jurisdiction over Defendants, and venue is proper in this Court. As an initial matter, Defendants have appeared in this action, have answered the Complaint, and have filed counterclaims, thereby submitting to the jurisdiction of this Court. Similarly, Defendants agreed to this Court's jurisdiction when they created Facebook and Instagram accounts. Likewise, the Court has jurisdiction over Defendants because they knowingly directed and targeted their conduct at California and at Facebook, which has its principal place of business in California.

**2.     Facts**

Plaintiff's Statement: Defendants built their business by scraping data from Facebook, in violation of Facebook's Terms of Service and Instagram's Terms of Use. To facilitate their violating activities, Defendants developed and distributed internet browser extensions and mobile applications, all designed and programmed to scrape data from Facebook's protected computers. To conceal their scraping from Facebook's systems, Defendants, among other things, used the browser of anyone who installed their software as a proxy to access Facebook and engage in automated extraction of data to servers Defendants controlled. The data Defendants scraped

included user profile information, advertisements and advertisement metrics, and user advertisement interest information.  This data was scraped from password-protected locations on Facebook's Platform.  Defendants' conduct was a clear breach of Facebook's Terms of Service and Instagram's Terms of Use, to which Defendants agreed, and violated federal and state law as alleged in the Complaint.  Defendants' conduct also put the security and integrity of Facebook and its users at risk.

No one disputes that Defendants agreed to Facebook's Terms of Service, which, among other things, prohibit Defendants from accessing or collecting data from Facebook "using automated means" without Facebook's permission.  No one disputes that Defendants agreed to Instagram's Terms of Use, which, among other things, prohibit Defendants from "collecting information in an automated way without [Facebook's] express permission."  And this Court has found already that "BrandTotal used 'automated means' to access and collect data from Facebook's website without obtaining Facebook's permission as required by the terms of service"—a practice the Court found to have "very likely breached Facebook's terms of use."  ECF No. 63, at 29:19-21; *id.* at n.13.  In the end, there is no dispute that Defendants breached their agreements with Facebook and violated federal and state law through their unauthorized scraping activities.

To this day, Defendants' wrongful practices continue.  During the course of discovery, Facebook has learned that Defendants continue to access and scrape data from password-protected locations of Facebook's Platform, notwithstanding Facebook's revocation of Defendants' access to its protected computers.  Moreover, the removal of Defendants' browser extension from the Google Chrome Store (the basis of Defendants' counterclaims) has not been successful in preventing the ongoing collection of data in violation of applicable terms.  Facebook, therefore, is entitled to all relief sought in its Complaint—including the issuance of a permanent injunction to bring an end to Defendants' unauthorized scraping activities.

Defendants' Statement:  Defendant BrandTotal Ltd and Unimania, Inc. (collectively "BrandTotal") is a high-end advertising consulting business, specializing in social media advertising analytics. With user consent and in exchange for value, BrandTotal collects data from Facebook and other social media sites relating to users' commercial advertising interactions.  The collection practices do not harm Facebook and are used to provide valuable transparency regarding corporate advertising.  In its most popular offering, UpVoice, users receive cash incentives for participating in the program, which merely transmits to BrandTotal information about the advertising the user encounters as they surf social media.  BrandTotal did not conceal this activity from users, Facebook or anyone else. Instead, BrandTotal advertised UpVoice on Facebook, and Facebook knew of BrandTotal's data collection for some time, deeming it "harmless."

In October, without warning or discussion, Facebook sued BrandTotal, directed Google to remove BrandTotal's extension from the Google Chrome Store, and disabled the Facebook pages of BrandTotal and its principals, claiming BrandTotal violated its terms of service by "automated" collection of data from its site. Though it suggested to the Court at the TRO phase that it needed time to vet BrandTotal and that there were other ways in which BrandTotal could get the relevant data, discovery has shown this is not the case. Facebook does not make commercial advertising analytics available to third parties, and uses its terms of service to restrict and preserve its monopoly over commercial advertising data. At least as it relates to what has occurred here, Facebook's terms of service are unenforceable and its actions against public policy.

Moreover, Facebook's actions in directing Google to disable BrandTotal's extensions and revoking access to Facebook's data stream is jeopardizing BrandTotal's entire business.  Its actions have disrupted actual and potential customer contracts, BrandTotal's ability to raise investment income and forced lay-offs.  The

acts are unlawful and unfair and BrandTotal seeks damages under its Counterclaims of tortious interference and unfair competition.

### 3. **Legal Issues**

The principal legal issues in dispute are:

- Whether Defendants' conduct constitutes a breach of Facebook's Terms of Service and Instagram's Terms of Use.
- Whether Defendants have unjustly enriched themselves at Plaintiff's expense.
- Whether Defendants' conduct violates the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.
- Whether Defendants' conduct violates the California Comprehensive Computer Data Access and Fraud Act, California Penal Code § 502.
- Whether Defendants' conduct interferes with Facebook's contractual relations with its users.
- Whether Defendants' conduct constitutes an unlawful, unfair or fraudulent business practice against Facebook.
- Facebook's entitlement to the relief sought by the Complaint, including monetary damages, an accounting and disgorgement of profits, attorneys' fees, and the issuance of a permanent injunction.
- Whether Facebook's terms of service as interpreted and applied here are unenforceable.
- Whether Facebook has interfered in existing and prospective contracts through its suspension of the Facebook accounts, direction to Google to remove the extensions, denial of access to Facebook's data stream, and interference with users control of their own data.
- Whether Facebook's actions were unlawful, unfair, and fraudulent under California's UCL.
- BrandTotal's entitlement to injunctive relief, damages or other relief.

### 4. Motions

On October 16, 2020, Defendants applied *ex parte* for a temporary restraining order. The Court denied Defendants' application on November 2, 2020. On November 11, 2020, Defendants moved for early expedited discovery, which the Court permitted on November 20, 2020. On November 23, 2020, Facebook moved to dismiss Defendants' counterclaims. That motion remains pending and is set to be heard on the same day as the February 19, 2021 case management conference.

The parties anticipate motions for summary judgment, discovery motions, and pretrial motions. Defendants also intend to move for a preliminary injunction.

### 5. Amendment of Pleadings

The parties have agreed to a March 22, 2021 deadline to amend pleadings. Facebook anticipates amending the Complaint. Defendants do not anticipate any amendments to their pleadings.

### 6. Evidence Preservation

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

### 7. Disclosures

The parties have agreed to exchange initial disclosures by March 3, 2021.

### 8. Discovery

To date, Plaintiff has propounded 18 requests for production, 7 interrogatories, 14 requests for admission, and it has deposed two individuals pursuant to Federal Rule of Civil Procedure 30(b)(6).

To date, Defendants have propounded 9 requests for production, 11 interrogatories, 7 requests for admission, and they have deposed four individuals pursuant to Federal Rule of Civil Procedure 30(b)(6).

**Changes to Limitations on Discovery**:  The parties have agreed to the following limitations or modifications of the discovery rules:

- Requests for Admission:  25 per side, inclusive of what has been served already.  However, this limitation does not apply to Requests for Admission directed to the authentication of documents.
- Interrogatories:  25 per side, inclusive of what has been served already.
- Requests for Production:  35 per side, inclusive of what has been served already.
- Depositions: 8 fact depositions per side (inclusive of depositions taken to date and of individuals designated for testimony under Federal Rule of Civil Procedure 30(b)(6)), but not including retained testifying expert witnesses.  The parties shall have the right to depose any retained testifying expert for up to 7 hours per report (not including reply or supplemental reports).

**Protective Order**:  The parties have met and conferred on a proposed protective order, which they intend to present for Court approval in short order.  The parties continue to meet and confer on the necessity of a protocol governing the discovery of electronically stored information.

**Proposed Discovery:**

Plaintiff's Statement:  Plaintiff intends to seek and has sought discovery—through depositions, interrogatories, document requests, and requests for admissions—on Defendants' operations insofar as they relate to the wrongdoings alleged in the Complaint, as well as Defendants' counterclaims, including discovery on the following topics:

- A complete description of Defendants' methods for scraping data from Facebook and Instagram.
- Revenue generated by Defendants in connection with the activities alleged in the Complaint.

- Identification of any and all accounts Defendants created or otherwise utilized, directly or indirectly related to Facebook's or Instagram's platforms.
- Identification of Defendants' customers, including any agreements, communications, correspondence with, and payments received from those customers.
- Any advertising of Defendants' browser extension services used to scrape data from Facebook.
- Defendants' use of Facebook's marks, including documents that reference Facebook or Instagram as a "participating site."
- Any computer code Defendants have utilized—directly or indirectly—to interact with Facebook's platform, computers, and servers.
- Any computer code Defendants have utilized—directly or indirectly—to conceal the operation of its data scraping from Facebook.
- The identification of any individuals involved in the development of any of the above referenced code.
- Identification and location of data that Defendants' products scraped from Facebook and Instagram.
- Defendants' counterclaims, to the extent any survive dismissal.

Defendants' Statement: Defendants intend to seek and have sought discovery—through depositions, interrogatories, document requests, and requests for admissions—relating to the allegations of Plaintiff's complaint and Defendants' counterclaims, including discovery on the following topics:

- Facebook's policies and procedures as it relates to the collection of information regarding commercial advertising on its site
- The information Facebook does and does not make available on its site as it pertains to advertising
- Facebook's investigation of BrandTotal or its application or extension

- Facebook's reporting to the FTC
- Facebook's claim for damages or other relief in this action
- The ways in which Facebook competes with BrandTotal
- Facebook's knowledge of BrandTotal's customer or investor relationships

## 9.     Class Actions

Not applicable.

## 10.    Related Cases

There are no related cases or proceedings pending before another judge of this Court, or before another Court or administrative body.

## 11.    Relief

Plaintiff:  As set forth in the Complaint, Facebook seeks a permanent injunction:  (1) restraining Defendants from accessing or using Facebook and Instagram; (2) requiring Defendants to identify the location of any and all data obtained from Facebook and Instagram, to delete such data, and to identify any and all entities with whom Defendants shared such data; and (3) restraining Defendants from developing, distributing, using, and causing others to use browser extensions and other products and devices designed to collect data from Facebook and Instagram, without first obtaining Facebook's express permission.

Facebook also seeks compensatory damages, statutory damages, punitive damages, an accounting and disgorgement of profits, attorneys' fees, and pre- and post-judgment interest.

Defendants: As set forth in the Counterclaims, Defendants seek preliminary and permanent injunctive relief to prevent Facebook from curtailing BrandTotal's access to publicly available information on Facebook's platforms that is essential to BrandTotal's business or otherwise engaging in unfair business practices as described in the Counterclaims and TRO briefing.  BrandTotal seeks a declaratory judgment that it is not in violation of any enforceable terms of service and Facebook shall remain

obligated to reinstate BrandTotal's access to and use of Facebook's platforms and the publicly available content on Facebook.

BrandTotal also seeks compensatory and punitive damages, pre and post judgment interest and attorney fees and costs.

### 12. Settlement and ADR

The parties have engaged in substantive settlement discussions informally. The parties have not engaged in ADR to date. Defendants request a referral to ADR, but Facebook has thus far opposed it. It is Facebook's position that Facebook is happy to engage in settlement discussions with Defendants; but for such discussions to be productive, Defendants must first do the work of determining how it can provide services to its clients without continuing to violate Facebook's Terms of Service and Instagram's Terms of Use.

### 13. Consent to Magistrate Judge For All Purposes

The parties have consented to have a magistrate judge conduct all further proceedings including trial and entry of judgment. ECF Nos. 15 & 25.

### 14. Other References

The parties do not believe a reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation is necessary.

### 15. Narrowing of Issues

The parties do not currently request any bifurcation of issues. The parties are in discussions to determine whether they can agree to any stipulation of facts.

### 16. Expedited Trial Procedure

This is not the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

### 17. Scheduling

The parties propose the following schedule:

| Date | Event |
|---|---|
| March 3, 2021 | Initial disclosures |

| | |
|---|---|
| March 22, 2021 | Deadline to amend |
| September 3, 2021 | Non-expert discovery cutoff |
| September 17, 2021 | Initial expert disclosures |
| October 15, 2021 | Rebuttal expert disclosures |
| November 12, 2021 | Expert discovery cutoff |
| January 7, 2022 | Dispositive motion cutoff |
| February 4, 2022 | Motions *in limine* |
| February 18, 2022 | Joint pre-trial statement |
| February 18, 2022 | Oppositions to motions *in limine* |
| March 4, 2022 | Pre-trial conference |
| April 4, 2022 | Trial (5-7 days) |

### 18. Trial

The parties demand a trial by jury. The parties expect trial to last five to seven days.

### 19. Disclosure of Non-Party Interested Entities or Persons

Plaintiff's Statement: Plaintiff has filed the appropriate certifications required by Civil Local Rule 3-15 and the Federal Rules of Civil Procedure. Plaintiff is not aware of any persons or entities with a financial or any other interest in the subject matter in controversy other than the named parties.

Defendants' Statement: Defendants have filed the appropriate certifications required by Civil Local Rule 3-15 and the Federal Rules of Civil Procedure. Defendants are not aware of any persons or entities with a financial or any other interest in the subject matter in controversy other than the named parties.

### 20. Professional Conduct

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.** <u>**Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter**</u>

The parties have no other matters to bring to the Court's attention at this time.

Dated: February 12, 2021                             **HUNTON ANDREWS KURTH LLP**

                                                     By:    */s/ Jeff R. R. Nelson*
                                                            Ann Marie Mortimer
                                                            Jason J. Kim
                                                            Jeff R. R. Nelson
                                                     Attorneys for Plaintiff/Counterclaim
                                                     Defendant FACEBOOK, INC.

                                                     Platform Enforcement and Litigation
                                                     Facebook, Inc.
                                                            Jessica Romero
                                                            Michael Chmelar
                                                            Stacy Chen

Dated: February 12, 2021                             **HUSCH BLACKWELL LLP**

                                                     By:    */s/ Kara R. Fussner*
                                                            Rudolph A. Telscher, Jr.
                                                            Kara R. Fussner
                                                     Attorneys for
                                                     Defendants/Counterclaim
                                                     Plaintiffs BRANDTOTAL, LTD. and
                                                     UNIMANIA, INC.

## **ATTESTATION**

I, Jeff R. R. Nelson, am the ECF user whose ID and password are being used to file this document. In compliance with Local Rule 5-1(i)(3), I attest that concurrence in the filing of the document has been obtained from each of the other Signatories.

Dated: February 12, 2020                                    */s/ Jeff R. R. Nelson*
                                                            Jeff R. R. Nelson