# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| FACEBOOK, INC., a Delaware corporation,<br><br>*Plaintiff,*<br>v.<br><br>BRANDTOTAL, LTD., an Israeli corporation, and<br>UNIMANIA, INC., a Delaware corporation,<br><br>*Defendants.* | Case No.: 3:20-CV-07182-JCS<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS BRANDTOTAL, LTD. AND UNIMANIA, INC.'S MOTION FOR PRELIMINARY INJUNCTION** |

1  The Court, after having read and considered Defendants/Counterclaim Plaintiffs BrandTotal, Ltd. and Unimania, Inc.'s (collectively, "BrandTotal") Motion for Preliminary Injunction and all supporting papers ("Motion"), and good cause appearing therefore:

IT IS HEREBY ORDERED that BrandTotal's Motion is Granted.

To obtain a preliminary injunction, the moving party must demonstrate: 1) a likelihood of success on the merits; 2) a likelihood of irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in the plaintiff's favor; and 4) that an injunction is in the public interest. *See Randazza v. Cox*, 920 F. Supp. 2d 1151, 1155 (2013). The Ninth Circuit has held that district courts may issue a temporary restraining order if the first two elements are met, and there are serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff. *See Alliance for the Wild Rockies v. Cottrell*, 632 F. 3d 1127, 1134–35 (2011).

BrandTotal has sufficiently met this standard, showing that:

(1) absent injunctive relief, BrandTotal is likely to suffer irreparable harm, including substantial disruption to its business;

(2) the balance of equities tips decidedly in BrandTotal's favor;

(3) BrandTotal is likely to succeed on the merits of its claims as well as Facebook's claims; and

(4) the public interest would be served by the issuance of a preliminary injunction.

Accordingly, this Court hereby GRANTS BrandTotal's Motion in its entirety and ORDERS as follows:

A.  Plaintiff/Counterclaim Facebook, Inc. shall:

(1) rescind the takedown request to remove the UpVoice extension from the Google Chrome Web Store and not oppose the inclusion of a replacement UpVoice extension on the Store;

(2) reverse any "technical enforcement measures" blocking UpVoice from Facebook's platform or otherwise prohibiting Panelists from sharing their information with BrandTotal; and

(3) restore the Facebook accounts of BrandTotal such that BrandTotal may resume advertising efforts to recruit Panelists.

B.      No bond shall be required, as Facebook is not likely to be harmed by being so enjoined.

IT IS SO ORDERED.

Dated: _____, 2021

_____
Honorable Joseph C. Spero
Chief Magistrate Judge