1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    FACEBOOK, INC.,                           Case No.  20-cv-07182-JCS

8                  Plaintiff,
                                               **ORDER REGARDING DISCOVERY**
9            v.                                **DISPUTE AND ADMINISTRATIVE**
                                               **MOTION TO FILE UNDER SEAL**
10   BRANDTOTAL LTD., et al.,
                                               Re: Dkt. Nos. 101, 102
11                 Defendants.

12

13   **I.       DISCOVERY DISPUTE**

14           The parties have filed a joint letter (dkt. 102) in which Facebook seeks an order

15   "compelling BrandTotal to perform an exhaustive search for and produce the attorney-client

16   communications the substance of which [BrandTotal CEO Alon] Leibovich disclosed in his

17   January 14, 2021 deposition."  Facebook's request is GRANTED IN PART, as discussed below.

18           During his deposition, Mr. Leibovich disclosed that he had received legal advice regarding

19   BrandTotal's compliance with Facebook's terms of service and that he relied on that advice, and

20   gave at least some details about the content of that advice—for example, stating that BrandTotal's

21   Israeli law firm advised BrandTotal that it was in compliance with the terms of service based on

22   users' consent.  This testimony was given in part at the direction of counsel for BrandTotal at the

23   deposition, and all was given after that counsel interposed an attorney-client privilege objection.

24   Facebook asserts that these answers, and other statements made in Mr. Leibovich's declarations in

25   support of a temporary restraining order ("TRO"), waived the privilege.  While making some

26   arguments about a broad subject matter waiver, Facebook's portion of the discovery letter seeks

27   only the communications that were disclosed in Mr. Leibovich's testimony.  BrandTotal responds

28   that the disclosure was inadvertent, that it offered to disclaim reliance on the opinions of counsel

United States District Court
Northern District of California

1    in this case, and that it offered to produce the one email that it found.

2    Waiver of attorney client privilege is governed by Rule 502 of the Federal Rules of

3    Evidence.  That rule provides that disclosure of an attorney client communication waives the

4    privilege not only as to the information disclosed, but as to "an undisclosed" communication only

5    if: (1) the waiver was intentional; (2) the disclosed information and the undisclosed

6    communication concern the same subject matter; and (3) the undisclosed communication ought in

7    fairness be considered with the disclosed information.

8    There is no question that this test has been met with respect to the communications

9    Facebook seeks.  The waiver was intentional:  despite asserting the privilege, counsel specifically

10   instructed Mr. Leibovich to answer a question that disclosed the substance of the attorney client

11   communication, and permitted him to give further answers about the specifics of that legal advice.

12   Moreover, the communications sought concern the same subject matter as that disclosed:  legal

13   advice concerning whether BrandTotal's data collection was in compliance with Facebook's terms

14   of service.  Finally, with respect to that advice, it would be unfair to allow BrandTotal and Mr.

15   Leibovich to trickle out a portion of that advice, both in the TRO proceeding and, in more detail,

16   in deposition in advance of a preliminary injunction motion, and not disclose the whole of that

17   advice.

18   The Court understands Mr. Leibovich's testimony as addressing legal advice received

19   before the commencement of this litigation, and therefore understands Facebook's request as

20   limited to such advice.  To the extent Facebook's request could be construed as also seeking legal

21   advice BrandTotal received *after* Facebook filed this action, Facebook has not shown that fairness

22   would require such disclosure.

23   Accordingly, no later than March 8, 2021, BrandTotal is ORDERED to conduct an

24   exhaustive search for and produce all communications predating October 1, 2020[1] regarding

25   whether BrandTotal was in compliance with Facebook's terms of service, including

26   communications between counsel and BrandTotal.

27

28   _____
     [1] The Court sets this date based on Facebook's filing of substantially overlapping claims in state
     court, which Facebook voluntarily dismissed before filing this action two weeks later.

2

**II.      MOTION TO FILE UNDER SEAL**

Facebook seeks to seal portions of the joint letter and supporting documents, based on BrandTotal's assertion of privilege and concerns regarding confidential business information.  *See* Admin. Mot. to Seal (dkt. 101).  The parties must show "good cause" to seal documents related to this discovery dispute, which is only tangentially related to the merits of the case.  *See generally Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–1102 (9th Cir. 2016).  Having concluded that BrandTotal intentionally waived privilege, the Court DENIES the motion to seal to the extent it rests on any privilege associated with attorney-client communications regarding BrandTotal's compliance with Facebook's terms of service, but GRANTS the motion to seal to the extent it rests on other confidentiality concerns.  Accordingly, Facebook is ORDERED to file in the public record the entirety of the joint letter brief and a version of Exhibit D (Mr. Leibovich's deposition transcript) redacting only pages 65, 66, 122, and 123, no later than March 1, 2021.  Those redacted pages of Exhibit D and the entirety of Exhibit B (which includes only de minimis pertinent information and would not be practical to redact) shall remain under seal.

**IT IS SO ORDERED.**

Dated: February 24, 2021

JOSEPH C. SPERO
Chief Magistrate Judge

United States District Court
Northern District of California