UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>BRANDTOTAL LTD., et al.,<br><br>    Defendants. | Case No. 20-cv-07182-JCS<br><br>**ORDER TO SHOW CAUSE WHY ORDER SHOULD NOT BE FILED IN THE PUBLIC RECORD**<br><br>Re: Dkt. No. 152 |

Because it contains information from documents the parties moved to file under seal, the Court has provisionally sealed its order (dkt. 152) granting in part and denying in part Facebook's motion to dismiss BrandTotal's first amended counterclaims. The parties are ORDERED TO SHOW CAUSE why the order should not be filed in the public record. Any party that opposes unsealing the order in its entirety may file a response no later than June 8, 2021 proposing narrowly-tailored redactions and setting forth compelling reasons to maintain those redacted portions under seal.

In the interest of providing public record pending a decision on whether any portion of the order should remain under seal, the outcome of that order is as follows:

Facebook's motion to dismiss is GRANTED as to: (1) BrandTotal's declaratory judgment counterclaims, which are dismissed without leave to amend but without prejudice to seeking such leave if changed circumstances warrant; (2) BrandTotal's interference with contract counterclaim to the extent it is based on contracts with investors, which is dismissed with leave to amend; (3) BrandTotal's interference with prospective economic advantage counterclaim as to potential (but not existing) customers and investors, which is dismissed with leave to amend; (4) BrandTotal's counterclaim under the "unfair" prong of the UCL, which is dismissed with leave to amend; and (5) BrandTotal's counterclaim under the "fraudulent" prong of the UCL, which is

dismissed with prejudice.

Facebook's motion is DENIED as to: (1) BrandTotal's interference with contract counterclaim to the extent it is based on contracts with existing customers, existing panelists, and Google; (2) BrandTotal's interference with advantage counterclaim as an alternative theory with respect to those same entities; and (3) BrandTotal's counterclaim under the "unlawful" prong of the UCL. Those counterclaims may proceed.

If BrandTotal believes it can cure the defects identified as to the claims dismissed with leave to further amend, it may file a second amended counterclaim no later than June 25, 2021.

**IT IS SO ORDERED.**

Dated: June 3, 2021

JOSEPH C. SPERO
Chief Magistrate Judge