UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BRANDTOTAL LTD., et al.,<br><br>　　　　Defendants. | Case No. 20-cv-07182-JCS<br><br>**ORDER DENYING REQUEST FOR REDACTIONS TO PREVIOUS ORDER**<br><br>Re: Dkt. No. 152, 153, 155 |

On June 3, 202, the Court filed an order provisionally under seal and ordered the parties to show cause why it should not be filed in the public record. *See* dkts. 152, 153.  BrandTotal filed a response seeking sealing of two passages of the order. Response (dkt. 155). Facebook did not file a response. Generally, subject to exceptions not applicable here, a party must show "compelling reasons" to maintain documents in the record of a civil action under seal. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016).

The first passage at issue, appearing at page 4 of the Court's order, concerns legal advice BrandTotal received from its Israeli counsel, for which the Court previously determined BrandTotal waived its attorney-client privilege. BrandTotal presents the following argument for sealing that portion of the order:

> This information concerns legal advice BrandTotal requested prior to the commencement of this litigation. This information was addressed in the Court's February 24, 2021, Order, where the Court recognized the information was confidential and sealed this same information. ECF No. 111 at 3; see also ECF No. 101-1 (explaining why information is confidential and, if published would cause imminent harm to BrandTotal). Moreover, these lines appear only in the "Background" section of the Court's order and are, at best, tangentially related to the Court's holdings.

Response at 1. The previous order on which BrandTotal relies in fact held that BrandTotal's now-waived privilege was not a basis for sealing and sealed only unrelated information based on other

confidentiality concerns, applying a relaxed standard of "good cause" for sealing exhibits submitted in support of a discovery motion, which is not applicable here to sealing an order of the Court addressing a motion to dismiss. See dkt. 111.[1]

The second passage at issue, at page 5 of the Court's order, addresses the declining functionality of a previous version of BrandTotal's product after it was removed from Google's web store. BrandTotal asserts that publishing "this information would harm BrandTotal by providing BrandTotal's competitors insight into BrandTotal's flagship product." Response at 1. The parties have addressed at least in general terms the declining functionality of that product in the public record. The Court is not persuaded that BrandTotal is likely to suffer any meaningful competitive harm if slightly more specific information about a product version that is now entirely defunct is included in the public record.

Accordingly, BrandTotal's request to maintain portions of the Court's order under seal is DENIED, and the Court will file the order unredacted in the public record.

**IT IS SO ORDERED.**

Dated: June 9, 2021

JOSEPH C. SPERO
Chief Magistrate Judge

---

[1] To the extent BrandTotal is concerned that the passage describes operation of BrandTotal's products, rather than that it reveals legal advice, BrandTotal has not shown compelling reasons to seal a description of product functionality it no longer uses, particularly when the source code for the product had been made publicly available and its operation was previously described in documents filed publicly in this case. See Order to Show Cause (dkt. 59) (noting these shortcomings with respect to a previous motion to file under seal).

2