# Exhibit A

WILMER CUTLER PICKERING HALE AND DORR LLP
SONAL N. MEHTA (SBN 222086)
sonal.mehta@wilmerhale.com
THOMAS G. SPRANKLING (SBN 294831)
thomas.sprankling@wilmerhale.com
JOSEPH M. LEVY (SBN 329318)
joseph.levy@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, CA 94306 USA
Telephone: 650 600 5051

ARI HOLTZBLATT (*pro hac vice*)
Ari.Holtzblatt@wilmerhale.com
ALLISON SCHULTZ (*pro hac vice*)
Allison.Schultz@wilmerhale.com
ROBIN C. BURRELL (*pro hac vice*)
robin.burrell@wilmerhale.com
1875 Pennsylvania Ave, NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

HUNTON ANDREWS KURTH LLP
Ann Marie Mortimer (State Bar No. 169077)
amortimer@HuntonAK.com
Jason J. Kim (State Bar No. 221476)
kimj@HuntonAK.com
Jeff R. R. Nelson (State Bar No. 301546)
jnelson@HuntonAK.com
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: (213) 532-200
Facsimile: (213) 532-2020

*Attorneys for Plaintiff/Counterclaim Defendant Facebook, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>BRANDTOTAL LTD., an Israel corporation, and UNIMANIA, INC., a Delaware corporation,<br><br>Defendants/Counterclaim Plaintiffs. | Case No. 3:20-CV-07182-JCS<br><br>**PLAINTIFF/COUNTERCLAIM DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION TO BRANDTOTAL LTD. AND UNIMANIA, INC. (Nos. 1-18)** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Order of this Court, Plaintiff/Counterclaim Defendant Facebook, by and through its undersigned counsel, hereby serves its First Set of Requests for Production upon Defendants/Counterclaim Plaintiffs BrandTotal, Ltd. and Unimania, Inc. (collectively, "Defendants") and requests that Defendants produce for inspection and copying the documents and things requested below by December 23, 2020, at the law offices of Wilmer Cutler Pickering Hale and Dorr, 2600 El Camino Real, Suite 400, Palo Alto, CA 94306, or pursuant to such alternative arrangements as to which the parties shall agree.

## DEFINITIONS

1. "Action" means the above-captioned action and the preceding state-court action, filed on October 1, 2020 in the Superior Court of California, County of San Mateo, case number 20-CIV-04256.

2. "All" means "any," "each," and "every," and vice versa.

3. "Communication" or "Communications" has the broadest meaning permitted under the Federal Rules of Civil Procedure, and includes any transmission of information between two or more persons, whether by, without limitation: personal meeting, telephone, letter, telegraph, e-mail, electronic bulletin board, electronic "chat room", instant message, text message, any other form of electronic correspondence, teleconference, facsimile, telex, or any other means whatsoever.

4. "Concerning" and "Relating To" have their commonly understood meaning, including comprising, reflecting, evidencing, constituting, pertaining to, dealing with, referring to, respecting, consisting of, embodying, establishing, connected with, commenting on, describing, analyzing, and/or showing.

5. "Customer" means any individual or entity using any of Your marketing and advertising products or services, but does not include User of Your apps or browser extensions.

6. "Document" or "Documents" shall have the broadest meaning permitted under the Federal Rules of Civil Procedure and relevant case law, and shall include without limitation all written or graphic matter, whether stored, displayed, communicated, or transmitted, of every kind or description, however produced or reproduced, whether draft or final, original or reproduction, including: electronically stored information, written Communications, letters, memoranda of

- 1 -

conversations, interoffice Communications, records, statistical and financial statements, charts, graphs, reports, minutes, emails, voicemails, sound or video recordings of any type, contracts, agreements, computer diskettes, CDs or DVDs, or material similar to any of the foregoing, however denominated, by whomever prepared, and to whomever addressed, which are in Your possession, custody or control or to which You have, have had or can obtain access.

7. "Including" means including but not limited to.

8. "Investors" means an individual or entity providing capital or cash to You.

9. "Product" or "Products" means any web-browser extension, application, or other software developed, distributed, and/or promoted by BrandTotal, Ltd. and/or Unimania, Inc.

10. "Users" means a person using one or more of Your products.

11. "You" and "Your" refers to BrandTotal, Ltd. and Unimania Inc., including BrandTotal, Ltd.'s and Unimania Inc.'s officers and employees.

12. The singular form of a word shall be interpreted as plural, and vice versa; the use of any tense of any verb includes also within its meaning All other tenses of the verb so used. The connectives "and" and "or" shall be construed either disjunctively or conjunctively so as to acquire the broadest meaning possible, so as to bring within the scope of the request All information that might otherwise be construed to be outside its scope.

## INSTRUCTIONS

1. In answering each document request, You are requested to furnish All Documents, however held or obtained, that are in Your possession, custody or control—including but not limited to legal (*de jure*), actual (*de facto*), constructive, and practical possession, custody, or control of Your officers, directors, employees, contractors, counsel, auditors, insurers, investigators, consultants, agents or other representatives acting for or on Your behalf, or that are maintained in Your records, Including, but not limited to, Documents obtained through discovery in this or any other litigation.

2. Each request that seeks Documents relating in any way to Communications to, from, or within a governmental, business, or corporate entity means All Communications to, from,

between, or among representatives, officers, officials, directors, employees, agents, servants, and anyone acting on behalf of such entity.

3. Should You find the meaning of any term in these requests to be unclear, You should assume a reasonable meaning, state what that assumed meaning is, and respond to the request on the basis of that assumed meaning.

4. If You object to any request or portion thereof on the ground that You contend that it calls for a Document that is privileged, falls within the work product doctrine, or is otherwise protected from disclosure, provide a privilege log that complies with Federal Rule of Civil Procedure 26(b)(5).

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** All of Your financial statements, balance sheets, and bank records from January 2020 to present, as well as any other documents necessary to show Your financial circumstances prior to September 30, 2020 and currently.

**RESPONSE:**

**REQUESTION FOR PRODUCTION NO. 2:** Documents sufficient to show Your current and potential sources of capital.

**RESPONSE:**

**REQUESTION FOR PRODUCTION NO. 3:** Documents sufficient to show the terms of Your contracts with Your current and former Customers.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** Communications from January 1, 2020 to the present with current and former Customers and Investors concerning (1) the continuation, renewal, or termination of contracts with you and (2) the removal of Your extensions from the Google Chrome Web Store.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** Communications from January 1, 2020 to the present with current and former Users concerning the removal of Your extensions that access the Facebook or Instagram data from the Google Chrome Web Store.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:** All Documents and Communications with prospective Customers between January 1, 2020 and the present regarding the decisions of prospective Customers to retain or not retain you and the reasons that prospective Customers did or did not retain you.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:** Documents and Communications sufficient to show the Customers "questioning" their relationship with BrandTotal and the prospective Customers "walking away" as described in Your motion for a temporary restraining order (*see* BrandTotal Motion for TRO at 7).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** Documents and Communications to or from Your Users regarding their data (including requests by Users to delete data and any actions you took in response).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:** Documents sufficient to show terms of use or contracts between You and Your Users.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:** Documents and Communications sufficient to show Your source of data and method of obtaining data from Facebook and Instagram and all documents and Communications concerning whether or not the method of collecting data from Facebook and Instagram violated Facebook's Terms of Service or Instagram's Term of Use.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:** Documents sufficient to show Your past or current Products, including apps or extensions that access or have accessed data from Facebook or Instagram and, for each, the categories and scope of data collected from Facebook and Instagram and how it is analyzed and ingested to provide Products or services to Your Customers.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:** Documents and Communications concerning Your consideration, analysis, and/or use of Facebook's established and approved channels for access to the Facebook and Instagram platforms including Facebook's Application Programming Interfaces ("APIs") and Ad Library, including without limitation all documents and Communications related to any effort by you to obtain data through Facebook's APIs and Ad Library or through other means provided by Facebook and all documents relating to Your counsel's representation that "BrandTotal has carefully reviewed Facebook's non-political ad library and APIs, as well as documentation of which BrandTotal is aware, and does not know what you are referencing as a solution for securing the data it needs."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:** Documents and Communications concerning the AdGuard article cited in paragraph 5 of the Complaint, including documents and Communications related to the removal of extensions and apps from the Google Chrome Store described in the AdGuard article.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**  Documents and Communications concerning the listing and removal of Your Products from the Google Chrome Web Store and Google Play Store, including without limitation all Communications with Google and/or Communications seeking to reinstate Your extensions to the Google Chrome Web Store after August 1, 2019.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**  Documents and Communications sufficient to show all stages of the consent flow for Users installing and using the UpVoice browser extension, including their agreement to the UpVoice privacy policy as described in paragraph 6 of the Supplemental Declaration of Oren Dor in support of BrandTotal's motion for a temporary restraining order.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**  Documents and Communications sufficient to identify Your competitors and/or other companies that offer products or services based on the use of "deidentified social media user data for data analytics" (*see* BrandTotal Motion for TRO at 2).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**  Documents sufficient to show the number of individuals that installed each of Your Products.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**  All documents and Communications concerning the collection of data from an individual that did not agree to Your privacy policy, including through a shared computer on which the UpVoice extension had been installed.

**RESPONSE:**

| | |
|---|---|
| Date: November 30, 2020 | Respectfully submitted, |
| | By: */s/ Sonal N. Mehta* |
| | SONAL N. MEHTA |

**CERTIFICATE OF SERVICE**

I hereby certify that on November 30, 2020, I did cause Facebook's First Set of Requests for Production of Documents to be served the following listed below and in the manner so indicated.

**By Electronic Mail**

Rudolph A. Telscher, Jr.
   rudy.telscher@huschblackwell.com
Kara R. Fussner
   kara.fussner@huschblackwell.com
Ryan B. Hauer
   ryan.hauer@huschblackwell.com
Karl Kronenberger
   karl@krinternetlaw.com
Jeffrey M. Rosenfeld
   jeff@krinternetlaw.com

Dated: November 30, 2020      By:   */s/ Sonal N. Mehta*
                                                       Sonal N. Mehta