UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>BRANDTOTAL LTD., et al.,<br><br>    Defendants. | Case No. 20-cv-07182-JCS<br><br>**ORDER REGARDING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 119, 125, 131, 133, 137, 139, 141, 162, 171 |

### A. Introduction

The parties have filed a number of administrative motions to file under seal. In a civil action in federal court, a party must show "compelling reasons" to file a document under seal in connection with a motion "more than tangentially related to the merits," which includes the counterclaims, motion for a preliminary injunction, and motions to dismiss at issue here. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096, 1102 (9th Cir. 2016). Requests to file under seal "must be narrowly tailored to seek sealing only of sealable material," which often requires redactions rather than sealing of documents in their entirety. *See* Civ. L.R. 79-5(b).

For the reasons discussed below, these motions are GRANTED in part and DENIED in part—in some instances, without prejudice to filing renewed motions proposing narrowly tailored redactions. The parties shall file documents in the public record no earlier than October 8, 2021 and no later than October 15, 2021. Before either party files documents in the public record, the parties shall confer to determine the extent to which each intends to file renewed motions to seal. Any documents that will be the subject of renewed motions shall not be filed in the public record until those motions are resolved. Renewed motions to seal shall be filed no later than October 15, 2021.

**B.   BrandTotal's March 5, 2021 Administrative Motion**

In its March 5, 2021 administrative motion (dkt. 119), BrandTotal seeks to seal portions of its first amended counterclaim and exhibits thereto. BrandTotal asserts its own confidentiality interests with respect to certain paragraphs of Exhibit L, the declaration of Alon Leibovich. The Court has reviewed those paragraphs and finds that redactions to paragraphs 9, 17, 18, and 21 must be limited to only the names of third parties. The proposed redactions to all other paragraphs of that document are warranted in full. BrandTotal moves to seal portions of its first amended counterclaim and the entirety of Exhibits D, E, and G based solely on Facebook's designations of confidentiality. Facebook filed a responsive declaration by its attorney Michael Chmelar (dkt. 121) under Local Rule 79-5(e) stating reasons to seal only Exhibits D and E. This motion is GRANTED as to Exhibits D and E, as well the proposed redactions to Exhibit L with the exceptions noted above, and DENIED as to the first amended counterclaim itself and Exhibit G.

**C.   BrandTotal's March 12, 2021 Administrative Motion**

In its March 12, 2021 administrative motion (dkt. 125), BrandTotal seeks to seal portions of its renewed motion for a preliminary injunction and exhibits thereto.

With respect to the declaration of Alon Leibovich, this motion is GRANTED IN PART, to the same extent as discussed above with respect to the March 5, 2021 administrative motion. With respect to the declaration of Oren Dor, the motion is GRANTED as to the proposed redaction in paragraph 4 and the specific percentage in paragraph 13, but DENIED as to the remainder of the proposed redaction in paragraph 13.

The motion is GRANTED as to Exhibits A through I, S, and T. Exhibit N is a presentation describing the functionality of BrandTotal's product, much of which has largely been disclosed elsewhere in the public record and other public sources. It is conceivable, but not obvious, that some narrow portion of that exhibit might warrant sealing. The motion is DENIED WITHOUT PREJUDICE as to Exhibit N. Exhibits X, Z, and EE consist of excerpts of deposition transcripts. Redaction of any specific confidential information in those exhibits is feasible; the request to seal them in their entirety is not narrowly tailored. The motion is DENIED WITHOUT PREJUDICE as to those exhibits. Exhibit FF includes information that would seem to have been disclosed by

2

the pre-litigation publication of BrandTotal's product's source code. Regardless, the same exhibit has already been filed in the public record as Appendix H to the redacted expert report of Robert Sherwood (dkt. 126-6). The motion is DENIED as to that exhibit.

Based on the Chmelar's responsive declaration (dkt. 128), the administrative motion is GRANTED as to Exhibits J, K, M, and DD. The administrative motion is DENIED WITHOUT PREJUDICE as to exhibits W, Y, and AA, where Facebook failed to propose narrowly tailored redactions to deposition testimony. The administrative motion is DENIED as to Exhibits O, P, HH, and II, which Facebook does not seek to seal.

As for the renewed preliminary injunction motion itself, Facebook's responsive declaration did not address whether its confidentiality interests warrant any redactions to that document. The administrative motion is GRANTED only as to the proposed redactions at 6:9–11, 16:12–25, 17:21–22, 18:1–3, and 29:22, only the specific percentage at 15:16, and only the dollar values and names of third parties at 17:1–16, and DENIED as to all other proposed redactions. The same is true of the expert report of Robert Sherwood, for which the administrative motion is GRANTED only as to the proposed redactions at paragraphs 61 and 133, and DENIED as to all other proposed redactions.

### D.   Facebook's March 26, 2021 Administrative Motion

Facebook moves to seal three passages of its March 26, 2021 motion to dismiss (dkt. 131), based on its own confidentiality interests in its procedures to detect and investigate unauthorized use of its platform. While the Court agrees that the underlying documents (which are not at issue in this motion) warrant sealing, the passages in the motion concern Facebook's *conclusions*, not its methods, and the Court is not persuaded that compelling reasons warrant sealing this material. Facebook also moves to seal certain passages based on BrandTotal's confidentiality designations, but BrandTotal did not file a responsive declaration setting forth reasons to seal those passages under Local Rule 79-5(e). This administrative motion is therefore DENIED in its entirety.

### E.   Facebook's April 9, 2021 Administrative Motion

In its April 9, 2021 administrative motion (dkt. 133), Facebook moves to seal portions of its opposition to BrandTotal's renewed preliminary injunction motion and certain exhibits thereto.

This motion is GRANTED as to Exhibits A, B, D, G, I, and EE. Some but not all of Facebook's proposed redactions to the opposition brief itself warrant sealing. This motion is GRANTED as to only the proposed redactions at lines 4 and 5 of page 23, and DENIED as to all other proposed redactions to the brief.

BrandTotal did not file a responsive declaration under Local Rule 79-5(e). This motions is DENIED as to Exhibits F, H, J, K, L, M, O, P, Q, R, S, T, U, V, W, X, CC, and DD, as well as the portions of the opposition brief that Facebook sought to seal based on BrandTotal's designations of confidentiality.

### F. BrandTotal's First April 16, 2021 Administrative Motion

BrandTotal's first April 16, 2021 administrative motion (dkt. 137) seeks to seal portions of its reply in support of its renewed preliminary injunction motion and related documents. This motion is GRANTED as to the proposed redactions to the reply brief at 2:5–17, 3:20–23, 4:1, 11:13–14, and DENIED as to all other proposed redactions to that brief. This motion is GRANTED as to all proposed redactions to the accompanying declaration of Alon Leibovich. This motion is DENIED WITHOUT PREJUDICE as to Exhibit OO for failure to propose narrowly tailored redactions to deposition testimony.

### G. BrandTotal's Second April 16, 2021 Administrative Motion

The second administrative motion that BrandTotal filed on April 16, 2021 (dkt. 139) seeks to seal portions of its opposition to a motion to dismiss and one exhibit based solely on Facebook's designations of confidentiality. Facebook filed a responsive declaration by Chmelar (dkt. 140) seeking to seal only two passages in the opposition brief. The Court is not satisfied that compelling reasons require sealing those passages. This motion is DENIED in its entirety, as to both the opposition brief and Exhibit A.

### H. Facebook's April 30, 2021 Administrative Motion

Facebook's April 30, 2021 administrative motion (dkt. 141) seeks to seal portions of its reply in support of a motion to dismiss. Facebook asserts that one passage of that document "reveals information regarding how Facebook detects, investigates, and evaluates the unauthorized access and use of its platforms." Chmelar Decl. (dkt. 141-1) ¶ 4. The Court has reviewed that

passage and finds that it reveals only a conclusion reached by Facebook, not its methods, and that Facebook has not shown compelling reasons to seal. The remainder of Facebook's proposed redactions are based on BrandTotal's designations of confidentiality, but BrandTotal filed a responsive declaration by its attorney Dustin Taylor (dkt. 143) stating that it does not oppose filing those passages in the public record. This motion is therefore DENIED in its entirety.

### I.   BrandTotal's June 25, 2021 Administrative Motion

In its June 25, 2021 administrative motion (dkt. 162), BrandTotal moves to seal portions of its second amended counterclaim and certain exhibits thereto, based on its own and Facebook's confidentiality interests. Facebook filed a responsive declaration by Chmelar seeking to seal certain exhibits but not seeking to seal any portion of the counterclaim itself. This motion is DENIED as to the second amended counterclaim, DENIED WITHOUT PREJUDICE as to Exhibit M for failure to propose narrowly tailored redactions, GRANTED as to Exhibits D and E, and GRANTED IN PART as to Exhibit L (Leibovich's declaration) only to the same extent as discussed above in the context of BrandTotal's March 5, 2021 administrative motion.

### J.   BrandTotal's July 28, 2021 Administrative Motion

In the final pending motion (dkt. 171), BrandTotal moves to seal an exhibit based solely on Facebook's designation of confidentiality. Facebook did not file a responsive declaration under Local Rule 79-5(e). This motion is therefore DENIED in its entirety.

### K.   Conclusion

The parties shall confer to determine whether each intends to file renewed motions to seal portions of the documents for which this order denied sealing without prejudice, and shall file such motions no later than October 15, 2021.

With the exception of any documents that are the subject of such motions, the parties shall file public versions of all documents for which requests to seal have been denied in whole or in part no earlier than October 8, 2021 and no later than October 15, 2021. For clarity, all such filings should include a cover sheet or declaration explaining that they are public versions of

/ / /

/ / /

1  documents previously filed provisionally under seal.

2  **IT IS SO ORDERED.**

3  Dated: October 1, 2021

_____
JOSEPH C. SPERO
Chief Magistrate Judge