UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| META PLATFORMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BRANDTOTAL LTD., et al.,<br><br>Defendants. | Case No. 20-cv-07182-JCS<br><br>**ORDER DENYING MOTION FOR RELIEF FROM STIPULATION**<br><br>Re: Dkt. No. 217 |

On December 23, 2021, the parties submitted a stipulation (dkt. 215) requiring Defendants BrandTotal Ltd. and Unimania, Inc. (collectively, "BrandTotal") to identify documents from specified custodians using specified search terms, and produce such documents to the extent they are responsive to requests propounded by Plaintiff Meta Platforms, Inc. ("Facebook") no later than January 7, 2022. Pursuant to the parties' stipulation, the Court issued an order (dkt. 216) on December 29, 2021 requiring such production of documents. On the deadline for production, BrandTotal instead moved for relief from its obligations under the stipulation and order, asserting that the approximately $60,000 cost of gather documents matching the stipulated search terms is disproportionate to the needs of the case.

The Court is not persuaded that this cost warrants any relief from the obligations BrandTotal previously agreed to undertake. Moreover, BrandTotal has demonstrated no justifiable reason for its delay in identifying and raising this issue, and violated the Court's standing order regarding discovery disputes by raising it as a unilateral motion rather than a joint letter following efforts to resolve the matter by videoconference between counsel. The motion is DENIED. **The parties shall appear for a scheduling conference January 10, 2022—today—at 3:00 PM via Zoom webinar to set a new deadline for production of the documents at issue.**

The stipulation and order provided that *Facebook* could raise a particular dispute regarding additional search terms by noticed motion. It did not authorized BrandTotal to deviate from the Court's standing order to raise this different dispute by motion. Regardless, the Court's endorsement of that exception for Facebook was an oversight, and his hereby rescinded. Any future discovery dispute, including as to additional search terms, must be raised in the first instance by following the procedures set forth in the Court's standing order.

**IT IS SO ORDERED.**

Dated: January 10, 2022

JOSEPH C. SPERO
Chief Magistrate Judge