1

2

3

4                            UNITED STATES DISTRICT COURT

5                          NORTHERN DISTRICT OF CALIFORNIA

6

7    META PLATFORMS, INC.,                    Case No.  20-cv-07182-JCS

8              Plaintiff,                      **ORDER REGARDING JOINT
                                               DISCOVERY LETTER BRIEF**
9         v.
                                               Re: Dkt. No. 206
10   BRANDTOTAL LTD., et al.,

11             Defendants.

12         On November 22, 2021, the parties filed a joint letter raising a discovery dispute as to three

13   documents Plaintiff Meta Platforms, Inc. ("Facebook") has withheld from production based on

14   assertions of attorney-client privilege and the work product doctrine.  Defendants BrandTotal, Ltd.

15   and Unimania, Inc. (collectively, "BrandTotal") challenge those designations.  The documents at

16   issue, which relate to Facebook's investigation of certain BrandTotal products, are as follows:

17   (1) a "quip," which is a collaboratively edited document that includes comments by counsel; (2) a

18   "task," consisting of communications by Facebook employees, including counsel; and (3) a

19   second "task," which does not include communications by counsel but was prepared at counsel's

20   direction.[1]

21         BrandTotal contends that these documents are governed by a previous stipulation and

22   order.  That order provide that Facebook would produce "the contested document," and such

23   production would not constitute waiver of privilege as to any other documents.  Dkt. 190.  The

24   stipulation described the contested document as "an investigatory document that it refers to as the

25

26

27   [1] Some parts of BrandTotal's portion of the joint letter appear to seek production of *all* documents
     regarding its factual investigation.  Such a broad request does not appear to have been addressed
28   as part of the mandatory meet-and-confer process before filing the joint letter.  This order is
     limited to the three documents specifically addressed in the letter.

United States District Court
Northern District of California

1    UpVoice task." Dkt. 189.  The stipulation is vague as to the specific document at issue, and

2    BrandTotal does not dispute that Facebook subsequently produced *a* task document related to its

3    investigation of BrandTotal's product UpVoice.  The apparent purpose of the stipulation was to

4    allow Facebook to produce a document, which might or might not ameliorate BrandTotal's

5    concerns regarding the scope of Facebook's production, without waiving privilege.  While it is

6    understandable that BrandTotal "lacks Facebook's insight into how many documents Facebook

7    created for its investigation," *see* Joint Letter at 1, the terms of the stipulation only required

8    production of one document.  If the parties had intended to require Facebook to produce *all* task

9    documents concerning its investigation, they could have used such language in their stipulation.

10   Facebook satisfied its obligations under the stipulation and order as written.

11          The fact that Facebook complied with the stipulation does not resolve the question of

12   whether other documents were properly withheld as privileged or as work product.

13          "The attorney-client privilege protects confidential communications between attorneys and

14   clients, which are made for the purpose of giving legal advice."  *In re Grand Jury*, 13 F.4th 710,

15   713 (9th Cir. 2021) (cleaned up).  If a communication serves more than one purpose, the Ninth

16   Circuit has declined to resolve whether legal advice must be "*the* primary purpose" or merely "*a*

17   primary purpose," but has affirmed a district court imposing contempt for failure to produce

18   documents where "the district court did not clearly err in finding that *the* predominate purpose of

19   the disputed communications was not to obtain legal advice."  *Id.* at 716–17.

20          The work product doctrine "affords protection when it can fairly be said that the document

21   was created because of anticipated litigation, and would not have been created in substantially

22   similar form but for the prospect of that litigation."  *In re Grand Jury Subpoena (Mark Torf/Torf

23   Env't Mgmt.)*, 357 F.3d 900, 908 (9th Cir. 2004) (cleaned up).  Rule 26(b)(3) of the Federal Rules

24   of Civil Procedure codifies work product protection but allows for discovery of protected material

25   on a showing of substantial need, so long as the court "protect[s] against disclosure of the mental

26   impressions, conclusions, opinions, or legal theories of a party's attorney or other representative

27   concerning the litigation."  Fed. R. Civ. P. 23(b)(3).

28          As described by Facebook's in-house counsel Michael Chmelar, at least the first and

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1    second documents at issue here consist of comments by multiple people over a period of time, and

2    the third also appears likely to include a series of separate comments.  *See also* Ex. C (another

3    "task" document, which has already been produced, consisting of comments by multiple Facebook

4    employees).  Treating these collections of communications as single "documents" for the purpose

5    of privilege and work product would place form over substance, and could allow for broader

6    withholding from production than would be permitted for other forms of serialized communication

7    like email or text messages.

8         To the extent the communications included in the three documents at issue describe

9    Facebook's factual investigation, it is unclear if they are protected by either doctrine.  The record

10   indicates that Facebook routinely investigates potential violations of its terms of use, documenting

11   those investigations in similar "tasks," even where it is not specifically contemplating litigation

12   but instead considering whether to take technological measures to block access or improve

13   security.  Accordingly, there is reason to doubt whether the primary purpose of all such

14   communications was to obtain legal advice, *cf. In re Grand Jury*, 13 F.4th at 713, and reason to

15   think the factual investigatory communications might "have been created in substantially similar

16   form but for the prospect of [this] litigation," *cf. Torf*, 357 F.3d at 908.

17        Communications that merely describe a factual investigation of potential terms-of-use

18   violations, overseen by counsel in anticipation of litigation, are better characterized as work

19   product than privileged, and the Court assumes for the sake of argument they qualify for

20   protection under the former doctrine.  Since Facebook's motivations for taking action to block

21   BrandTotal's access go to the heart of BrandTotal's defenses and counterclaims, the Court is

22   satisfied that BrandTotal has shown substantial need for these contemporaneous documents

23   describing the investigation.  Of course, to the extent any communications actually request or

24   provide legal advice, they are privileged.  For each of the three documents at issue, the Court

25   therefore orders as follows: (1) Facebook may redact as privileged specific *communications* within

26   those documents that request or provide legal advice; (2) Facebook shall produce *communications*

27   within those documents that instead convey factual information about Facebook's investigation

28   and BrandTotal's purported violations; and (3) Facebook may redact any portions of any

communications that reveal "the mental impressions, conclusions, opinions, or legal theories" of any attorney or other Facebook employee.

Facebook shall complete production in accordance with this order no later than January 14, 2022.  Any disputes regarding that production shall be addressed by the procedure set forth in the Court's standing order.

**IT IS SO ORDERED.**

Dated: January 10, 2022

_____
JOSEPH C. SPERO
Chief Magistrate Judge