UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| META PLATFORMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BRANDTOTAL LTD., et al.,<br><br>Defendants. | Case No. 20-cv-07182-JCS<br><br>**ORDER REGARDING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 245, 249, 253 |

Plaintiff Meta Platforms, Inc. ("Meta") filed an administrative motion to consider whether its motion for discovery sanctions (dkt. 245), and documents submitted therewith, should be filed under seal based on designations of confidentiality by Defendants BrandTotal Ltd. and Unimania, Inc. (collectively, "BrandTotal"). The sanctions motion, which seeks (among other relief) an instruction that the finder of fact at trial may presume certain facts to be true, is "more than tangentially related to the merits" of the case and thus requires "compelling reasons" to maintain related briefing and evidence under seal. *See generally Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016). BrandTotal has also moved to file under seal its motion to exclude expert testimony, which BrandTotal acknowledges is governed by the "compelling reasons" standard. *See* dkt. 249.

BrandTotal's response to Facebook's motion, a declaration by its attorney Dustin Taylor (dkt. 253), does not address Meta's proposed redactions with sufficient specificity. The proposed redactions in Meta's motion include, for example, descriptions of BrandTotal's efforts to gather documents in response to discovery requests, discussions of BrandTotal's operations at broad levels of generality, and explanations of methods that BrandTotal no longer uses to collect data. It is clear that at least some of this information does not warrant sealing. Without a more detailed

explanation in BrandTotal's responsive declaration, however, the Court is limited in its ability to make an informed judgment as to what actually warrants sealing.

BrandTotal also provided a declaration by Taylor in support of its own motion to seal its *Daubert* motion, *see* dkt. 249-1, in addition to noting that Facebook designated the documents at issue in that motion as confidential. Taylor's declaration includes conclusory assertions of confidentiality, without specifying the portions of the expert reports that include BrandTotal's (as opposed to Facebook's) confidential information. Absent an extraordinary showing of need, the Court does not intend to seal *in their entirety* the expert reports at issue for the parties' *Daubert* motions.

BrandTotal is therefore ORDERED to provide a second declaration with respect to each of these motions no later than March 9, 2022 narrowing its requests to seal and providing a more detailed explanation as to why sealing is necessary. To allow the parties to take into account the Court's position stated in this order, the deadline for each party's response to its opponent's motion to consider whether material related to the *Daubert* motions should be filed under seal is CONTINUED to the same date.

**IT IS SO ORDERED.**

Dated: March 4, 2022

JOSEPH C. SPERO
Chief Magistrate Judge