UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| META PLATFORMS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>BRANDTOTAL LTD., et al.,<br><br>    Defendants. | Case No. 20-cv-07182-JCS<br><br>**ORDER REGARDING ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 205 |

Defendants BrandTotal Ltd. and Unimania, Inc. (collectively, "BrandTotal") moved to file under seal a joint discovery letter brief and the attachments thereto based on designations of confidentiality by Plaintiff Meta Platforms, Inc. ("Meta"), known at the time as Facebook, Inc. Dkt. 205. Meta filed a responsive declaration by its attorney Michael Chmelar. Dkt. 207.[1] Meta seeks to maintain all documents at issue under seal except for portions of Exhibit A, the transcript of a deposition of Meta employee Sanchit Karve. Because the discovery dispute at issue is only tangentially related to the merits of the case, the Court applies a more lenient standard of "good cause" to file under seal, rather than requiring "compelling reasons" to do so. *See generally Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016).

Meta has not shown good cause to seal the joint letter brief, the November 22, 2021 declaration by Chmelar, or Exhibit B thereto in their entirety, as opposed to redacting sensitive portions of those documents. Meta shall file a declaration addressing specific portions of those

---

[1] The provision of this Court's local rules that the parties have used here—addressing sealing of material filed by one party but designated as confidential by an opponent—are generally not appropriate for addressing *joint* filings, which are by definition submitted by *both* parties. Any future requests to seal joint filings in this case should include all relevant declarations at the time of filing, unless the parties certify that exigent circumstances require the use of Local Rule 79-5(f) to address sealing of an opponent's portion of the joint submission.

documents that warrant sealing and attaching proposed redacted versions no later than March 15, 2022. In doing so, Meta should not seek to seal information already included elsewhere in the public record, including in the Court's January 10, 2022 order (dkt. 222) resolving the joint letter.

The motion is GRANTED as to all of Meta's proposed redactions to Exhibit A except for the redactions on pages 57 and 58, which concern facts already presented elsewhere in the public record, and page 71, where the witness testified that he could not recall the answer to a question. It is otherwise DENIED as to that exhibit. Meta shall file a redacted public version of Exhibit A consistent with this order no later than March 15, 2022.

Meta has shown good cause to seal Exhibit C—a document produced subject to a stipulation and order under Rule 502(d) of the Federal Rules of Evidence not to waive privilege—in its entirety, and the motion is therefore GRANTED as to that document. Consistent with the parties' stipulation, the Court hereby ORDERS under Rule 502(d) that Meta filing the other documents at issue here in the public record, as required by this order, shall not effect a waiver of privilege as to Exhibit C or any related subject matter.

Although Exhibit D contains testimony related to Exhibit C, it does not appear to reveal any substantive contents of that document or any other sensitive information. The motion is therefore DENIED as to Exhibit D, and Meta shall file that document in the public record no later than March 15, 2022. If, despite the order of nonwaiver above, Meta believes it will be harmed by disclosure of any portion of Exhibit D, it may file a renewed motion to seal narrowly tailored portions of that document no later than March 15, 2022.

**IT IS SO ORDERED.**

Dated: March 4, 2022

JOSEPH C. SPERO
Chief Magistrate Judge

2