UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| META PLATFORMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BRANDTOTAL LTD., et al., <br><br> Defendants. | Case No. 20-cv-07182-JCS <br><br> **PUBLIC ORDER REGARDING MOTION FOR SANCTIONS AND MOTIONS FOR SUMMARY JUDGMENT** <br><br> Re: Dkt. Nos. 246, 268, 272 |

Plaintiff Meta Platforms, Inc. ("Meta") and Defendants BrandTotal Ltd. and Unimania, Inc. (collectively, "BrandTotal") each moved for summary judgment, and Meta also moved for sanctions based on purported spoliation of evidence and perjured testimony. The Court held a hearing on May 16, 2022. For the reasons stated in a separate order provisionally filed under seal, the Court orders as follows:

On the motion for sanctions, the Court finds that BrandTotal at least negligently failed to preserve relevant evidence. The motion is therefore GRANTED in part. The Court will instruct the jury that BrandTotal failed to preserve the logs at issue despite a duty to do so, and that the jury may draw an adverse inference if it finds that failure was intentional. BrandTotal is ORDERED to reimburse seventy-five percent of Meta's fees and costs for bringing its sanctions motion.

Meta's motion for summary judgment is GRANTED as to the following claims and issues: (1) Meta is entitled to judgment on its claim for breach of contract; (2) Meta is entitled to judgment on its CDAFA claim based on BrandTotal's active data collection through legacy user products beginning in October of 2020, and based on BrandTotal's direct access to password-protected pages on Meta's platforms using fake or purchased user accounts; (3) Meta is entitled to

judgment on its UCL claim based on the same conduct; (3) the same conduct violated the CFAA, and would entitle Meta to judgment on that claim if it can show resulting losses of at least $5,000; and (4) Meta is entitled to judgment on all of BrandTotal's remaining counterclaims.

BrandTotal's motion for summary judgment is GRANTED as to the following issues: (1) BrandTotal's use of UpVoice 2021 does not violate the CFAA, the CDAFA or the UCL; and (2) BrandTotal's direct collection of data from non-password-protected pages on Meta's platforms does not violate the CFAA or the CDAFA, even where Meta has imposed technological barriers attempting to block repeated or suspicious access.

The parties' motions for summary judgment are otherwise DENIED.

The Court also GRANTS in large part the parties' various administrative motions to file under seal.

In an abundance of caution, the Court has provisionally filed the order addressing these motions in detail under seal. Any party that believes any portion of that order cannot be publicly disclosed may bring a motion identifying compelling reasons to maintain under seal narrowly tailored redactions no later than June 3, 2022. If no such motion is filed by that date, the Court will file that order unredacted in the public record.

The parties' motions to exclude expert testimony will be addressed in a separate order to follow at a later date.

**IT IS SO ORDERED.**

Dated: May 27, 2022

_____
JOSEPH C. SPERO
Chief Magistrate Judge