Rudolph A. Telscher, Jr.*
rudy.telscher@huschblackwell.com
Kara R. Fussner*
kara.fussner@huschblackwell.com
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
314-480-1500 Telephone

David E. Anderson*
david.anderson@huschblackwell.com
HUSCH BLACKWELL LLP
120 South Riverside Plaza Suite 2200
Chicago, IL 60606
312-655-1500 Telephone

Dustin L. Taylor*
dustin.taylor@huschblackwell.com
David Stauss*
david.stauss@huschblackwell.com
HUSCH BLACKWELL LLP
180 1 Wewatta Street, Suite 1000
Denver, CO 80202
303-749-7200 Telephone

Stephen P. Bosco*
stephen.bosco@huschblackwell.com
HUSCH BLACKWELL LLP
750 17th Street, NW, Suite 900
Washington, DC 20006
202-378-2300 Telephone

*admitted pro hac vice*

Karl Kronenberger (CA Bar No. 226112)
karl@krinternetlaw.com
Jeffrey M. Rosenfeld (CA Bar No. 222187)
jeff@krinternetlaw.com
KRONENBERGER ROSENFELD, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
415-955-1155 Telephone
415-955-1158 Facsimile

*Attorneys for Defendants/Counterclaim Plaintiffs BrandTotal, Ltd. and Unimania, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO/OAKLAND DIVISION**

| | |
|---|---|
| META PLATFORMS, INC., a Delaware corporation, | Case No.: 3:20-CV-07182-JCS |
| *Plaintiff/Counterclaim Defendant*, | **DEFENDANTS' OPPOSED MOTION TO ENLARGE TIME PURSUANT TO LOCAL CIVIL RULE 6-3** |
| v. | |
| BRANDTOTAL, LTD., an Israeli corporation, and UNIMANIA, INC., a Delaware corporation, | Judge:  The Hon. Joseph C. Spero
Ctrm.:  Courtroom F – 15th Floor |
| *Defendants/Counterclaim Plaintiffs*. | |

1

## I.      INTRODUCTION

2       Not content that BrandTotal has made the strategic decision to cease all business activity

3 and wind down its operations, Meta is now attempting to use its limitless resources to further

4 strong-arm BrandTotal into an unfavorable settlement by forcing it to respond to premature, pre-

5 judgment motions seeking attorneys' fee and injunctive relief without allowing BrandTotal a full

6 and fair opportunity to respond. These motions seek to impose massive new financial penalties,

7 conduct restrictions, and property disgorgements upon BrandTotal based on theories and evidence

8 that were not previously disclosed to BrandTotal—all before any judgment has even been entered

9 in this matter. In view of the new theories, evidence, and draconian relief sought in Meta's

10 motions, and given that BrandTotal has been focused on winding down its operations and

11 preparing for a scheduled mediation on August 29 intended to resolve the parties' dispute without

12 further judicial intervention, BrandTotal requested a modest-under-the-circumstances 30-day

13 extension to the deadline for its response.

14       Meta's response—which it has refused to budge from even after further compromise offers

15 from BrandTotal— was a miserly nine-day extension that was conditional upon BrandTotal

16 accepting Meta's arbitrary and unilateral decision that the hearing on these motions should be held

17 on September 30. BrandTotal cannot reasonably evaluate and respond to Meta's new theories,

18 evidence, and argument in that time frame and should not have to agree to these unacceptable

19 conditions. There is no urgent need to resolve these issues—to the contrary, as is explained in

20 more detail below, many are likely not even ripe for adjudication—and Meta had more than 2.5

21 months to develop its arguments after entry of the Court's Order on the parties' partial summary

22 judgment motions. There is no reason that BrandTotal should be prohibited from using a fraction

23 of that time to respond to incredibly impactful motions that seek to impose lifelong and invasive

24 conduct restrictions on BrandTotal and its officers and agents, in addition to financial penalties that

25 are almost twenty times larger than the actual damages Meta has claimed. Accordingly, and for all

26 the reasons set forth below and in the accompanying declaration of Kara Fussner, BrandTotal files

27 this opposed motion under Local Civil Rule 6-3 and asks the Court to enlarge the time for

28

1    BrandTotal's opposition to the following motions—(1) Plaintiff Meta Platforms, Inc.'s Motion for

2    Attorney's Fees (ECF No. 368, "Fee Motion") and (2) Plaintiff Meta Platforms, Inc.'s Motion for

3    Permanent Injunction (ECF No. 367, "Injunction Motion") (collectively, "the Motions")—to

4    September 30 or a date to be determined after the Court enters judgment.

5    **II.      RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

6          The Court issued its Order on the parties' partial summary judgment motions on May 27.

7    In that Order, the Court granted aspects of both parties' summary judgment motions, denied other

8    aspects, and expressly deferred resolution of substantial legal and factual issues for subsequent

9    proceedings. Specifically, on Meta's breach of contract claim, the Court granted Meta summary

10   judgment as to BrandTotal's liability, but made clear that "the amount of any actual damages [is]

11   to be proven at trial." ECF No. 339 at 41. As to Meta's Computer Fraud and Abuse Act ("CFAA")

12   claim and Penal Code § 502 claim (sometimes called the "CDAFA" claim), the Court granted

13   BrandTotal's request for summary judgment that its UpVoice 2021 data collection does *not* violate

14   the CFAA, holding that "the statute does not encompass UpVoice 2021's data collection, at least

15   where it is installed by individuals who are not subject to any sort of direction by BrandTotal." *Id.*

16   at 43. The Court also held that BrandTotal's accessing of non-password protected Facebook and

17   Instagram pages did not violate the CFAA. *Id.* at 43-44. The Court applied both of these holdings

18   in full to Facebook's Penal Code claim, which the Court recognized as substantially "co-

19   extensive" with Meta's CFAA claim. *Id.* at 45.

20         As to Meta's motion for summary judgment on its CFAA and Penal Code claims, the Court

21   denied it as to CFAA entirely based on disputed issues of fact relating to damages and denied

22   summary judgment on the merits as to substantial aspects of both of Meta's CFAA and Penal Code

23   claims. For example, the Court denied Meta's summary judgment claim on the CFAA and Penal

24   Code "[t]o the extent it seeks judgment that BrandTotal's collection of data from panelists using

25   UpVoice 2021, or its direct access to non-password-protected portions of Meta's platforms violates

26   those statutes." *Id.* at 47. Further, the Court held that "Meta's motion for summary judgment is

27   DENIED as to the question of whether BrandTotal's use of the RPE violates the CFAA or the

28

DEFENDANTS' OPPOSED MOTION TO
ENLARGE TIME PURSUANT TO                    2               Case No. 3:20-CV-07182-JCS
LOCAL CIVIL RULE 6-3

CDAFA." *Id.* at 57. Indeed, the Court only granted summary judgment in Meta's favor on a narrow subset of the conduct for which Meta sought relief, and even as to that conduct made clear that "relief [is] to be determined at trial":

> Meta's motions for summary judgment is GRANTED *as to the question of whether active collection of data from password-protected portions of Meta's services by BrandTotal's legacy programs, and by BrandTotal directly*, violated the CFAA and the CDAFA. ***Meta's motion is otherwise DENIED as to these claims***. Meta will be entitled to judgment in its favor on the CDAFA claim based on its legacy programs and direct access to password-protected material, ***with relief to be determined at trial***. Meta's CFAA claim ***remains contingent on showing at trial at least $5,000 in loss caused by BrandTotal's violations***.

*Id.* at 57 (emphasis added). The Court's grant of summary judgment as to Meta's UCL claim was narrowly circumscribed to the same limited conduct, and the Court granted BrandTotal summary judgment "as to a finding that its use of UpVoice 2021 does not violate the UCL." *Id.* at 59. Critically, the Court has not entered judgment in this action as to any of the parties' claims.

Following the Court's Order, BrandTotal repeatedly met and conferred with Meta in good faith to resolve the outstanding issues and allow the parties to proceed with an appeal without requiring the expenditure of resources required by a trial. While no comprehensive agreement was reached, substantial progress was made regarding the scope of a proposed an injunction—an agreement that Meta seemingly ignores in filing its motion for a permanent injunction that fails to include many of BrandTotal's revisions—the parties have been unable to agree on the scope of damages. BrandTotal maintains that Meta's request for millions in "unjust enrichment" is legally improper, depends on improper methodology, and factually absurd considering that BrandTotal was never profitable. BrandTotal's motion to exclude the opinions of Meta's damages expert remains pending. ECF No. 249.

After several such meet and confers, Meta raised—for the first time in this litigation—its intent to seek attorneys' fees under the Penal Code. Meta did not even include a claim under the California State Penal Code in its original State court complaint. Nor did Meta plead any entitlement to attorneys' fees in either its original or amended Federal complaint.

**III.    THERE ARE NO EXIGENT CIRCUMSTANCES JUSTIFYING META'S REFUSAL TO GRANT THE REQUESTED EXTENSION AND ITS DEMAND FOR COMPRESSED BRIEFING AND HEARING SCHEDULE**

Until Meta unilaterally altered the status quo by filing the Motions, there were no significant upcoming pre-trial deadlines on the case calendar apart from the August 29 mediation. Negotiations were ongoing on remaining disputes and BrandTotal at least was optimistic that the mediation could lead to amicable resolution of the remaining issues. Trial is not set to begin until October 31. In short, BrandTotal's requested extension would have no negative impact on the case schedule, and there is no basis in the schedule for Meta's sudden insistence that its pre-judgment demands for attorney's fees and injunctive relief be heard on September 30.

Meta's proffered reasons for its sudden urgency and its refusal to grant the requested extension—(1) that BrandTotal might somehow restart its business in the interim and (2) that it might not have funds to pay Meta the attorneys' fees to which it is purportedly "entitled"—are illogical and internally contradictory. It is undisputed and indisputable that BrandTotal has ceased all operations. *See* Injunction Motion at 13 (quoting unequivocal BrandTotal notice on website stating that "BrandTotal has ceased operating and has shut down all operations, including UpVoice, effective June 29, 2022"). Indeed, in its Fee Motion Meta flatly represented that "Meta's summary judgment victories on the merits of its claims have…caused BrandTotal to shut down its entire scraping operation" and argued that Meta qualifies as a "prevailing party" on that basis alone. ECF No. 368 at 8 n.3. Meta's purported concern that granting BrandTotal a modest 30-day extension for its Response to the Motions creates a risk that BrandTotal will resume operations is disingenuous and unserious.

As to the notion that BrandTotal might not have the funds sufficient to cover the attorneys' fees to which Meta claims it is "entitled" merely because it "prevailed on its CDAFA claim," ECF No. 368 at 7, Meta knows better. BrandTotal has shared its insurance policy with Meta and there are ample funds available (i.e., several *million* remaining on the policy). Further, it would be fundamentally unjust if Meta were permitted to use the very financial difficulties it created as a sword to deny BrandTotal a full and fair opportunity to respond to Meta's Fee Motion, which is based on a previously undisclosed legal theory and relies on over 4,000 fee entries which Meta

never provided to BrandTotal during prior negotiations. And while Meta apparently thinks BrandTotal's opportunity to be heard and the Court's ultimate decision on the Fee Motion are mere formalities that will inevitably result in a full award of the fees to which Meta is "entitled," under the statutory provision Meta relies on Meta is not "entitled" to anything. Penal Code § 502(e)(2) merely states that "the court *may* award reasonable attorney's fees," and courts interpreting the provision have made it clear that such awards are only appropriate when a party's litigation positions in Penal Code § 502 litigation are ***unreasonable or frivolous***—which Meta has not even alleged. *See Mfg. Automation & Software Sys., Inc. v. Hughes,* No. 2:16-CV-08962-CAS-KSx, 2019 WL 2396308, at *4 (C.D. Cal. June 3, 2019), *aff'd*, 833 F. App'x 147 (9th Cir. 2021) ("…the Court nonetheless finds that plaintiff's section 502 claim was neither frivolous nor unreasonable and declines to award attorneys' fees to defendants under section 502(e)").

Finally, Meta's refusal to grant BrandTotal's modest schedule extension is particularly improper since BrandTotal's preliminary investigation indicates that most courts would deem its pre-judgment Fee Motion to be premature as matter of law. *See, e.g.*, *Use Techno Corp. v. Kenko USA, Inc.*, No. C-06-02754 EDL, 2007 WL 3045996, at *2 (N.D. Cal. Oct. 18, 2007) (denying motion for attorney's fees because "there is no entry of judgment and the case remains open and active on the Court's docket."); *Ondersma v. Metro. Life Ins. Co.*, No. 06-cv-0258 MMC, 2007 WL 4371422, at *9 (N.D. Cal. Dec. 12, 2007) ("To the extent plaintiff seeks fees and costs, the request is premature because judgment has not been entered."); *Unicolors Inc. v. H & M Hennes & Mauritz, L.P.*, No. 2:16-CV-02322-AB-SKx, 2018 WL 10321879, at *1 (C.D. Cal. Apr. 25, 2018) ("Plaintiff's motion is premature under Rule 54 because no judgment has been entered in this case. Without a judgment, Plaintiff cannot possibly 'specify the judgment . . . entitling [it] to the award.'" BrandTotal should not be forced to engage in expedited briefing on a claim that is not even ripe.

For all the foregoing reasons, BrandTotal respectfully asks the Court to grant its requested enlargement of time for its response to the Motions.

Date: August 26, 2022

Respectfully submitted,

By: */s/ Kara R. Fussner*
Rudolph A. Telscher, Jr.*
rudy.telscher@huschblackwell.com
Kara R. Fussner*
kara.fussner@huschblackwell.com
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
314-480-1500 Telephone

David E. Anderson*
david.anderson@huschblackwell.com
HUSCH BLACKWELL LLP
120 South Riverside Plaza Suite 2200
Chicago, IL 60606
312-655-1500 Telephone

Dustin L. Taylor*
dustin.taylor@huschblackwell.com
David Stauss*
david.stauss@huschblackwell.com
HUSCH BLACKWELL LLP
180 1 Wewatta Street, Suite 1000
Denver, CO 80202
303-749-7200 Telephone

Stephen P. Bosco*
stephen.bosco@huschblackwell.com
HUSCH BLACKWELL LLP
750 17th Street, NW, Suite 900
Washington, DC 20006
202-378-2300 Telephone

*admitted pro hac vice*

Karl Kronenberger (CA Bar No. 226112)
karl@krinternetlaw.com
Jeffrey M. Rosenfeld (CA Bar No. 222187)
jeff@krinternetlaw.com
KRONENBERGER ROSENFELD, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
415-955-1155 Telephone
415-955-1158 Facsimile

*Attorneys for Defendants/Counterclaim Plaintiffs*
*BrandTotal, Ltd. and Unimania, Inc.*

DEFENDANTS' OPPOSED MOTION TO
ENLARGE TIME PURSUANT TO
LOCAL CIVIL RULE 6-3

6

Case No. 3:20-CV-07182-JCS

1

## <u>CERTIFICATE OF SERVICE</u>

2          I hereby certify that on this 26th day of August, 2022, I caused the foregoing to be filed

3    electronically with the Clerk of Court and to be served via the Court's Electronic Filing System

4    upon all counsel of record:

5    WILMER CUTLER PICKERING            SPENCER LLP
     HALE AND DORR LLP                  BRANDON L BOXLER
6    SONAL N. MEHTA (SBN 222086)        BBoxler@spencerllp.com
     sonal.mehta@wilmerhale.com         6802 Paragon Place, Suite 230
7    2600 El Camino Real, Suite 400     Richmond, VA 23230
     Palo Alto, CA 94306                Telephone: (804) 285-5236
8    Telephone: (650) 858-6000
9
     ARI HOLTZBLATT
10   Ari.Holtzblatt@wilmerhale.com
     ALLISON SCHULTZ
11   Allison.Schultz@wilmerhale.com
     ROBIN C. BURRELL
12   robin.burrell@wilmerhale.com
     1875 Pennsylvania Ave, NW
13   Washington, DC 20006
     Telephone: (202) 663-6000
14   Facsimile: (202) 663-6363
15
     CINDY PAN
16   cindy.pan@wilmerhale.com
     250 Greenwich Street
17   New York, NY 10007
     Telephone (212) 937-7275
18
19   ANDRES ROSSO O'LAUGHLIN
     andy.olaughlin@wilmerhale.com
20   60 State Street
     Boston, MA 02109
21   Telephone (617) 526-6220
22
23   ***Attorneys for Plaintiff/Counterclaim***
     ***Defendant Meta Platforms, Inc.***
24
                                        */s Kara R. Fussner*
25
26
27
28