WILMER CUTLER PICKERING HALE AND
DORR LLP
SONAL N. MEHTA (SBN 222086)
sonal.mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, CA 94306 USA
Telephone: (650) 600-5051

ARI HOLTZBLATT (*pro hac vice*)
Ari.Holtzblatt@wilmerhale.com
ALLISON SCHULTZ (*pro hac vice*)
Allison.Schultz@wilmerhale.com
ROBIN C. BURRELL (*pro hac vice*)
robin.burrell@wilmerhale.com
1875 Pennsylvania Ave, NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

ANDY R. O'LAUGHLIN (*pro hac vice*)
andy.olaughlin@wilmerhale.com
60 State Street
Boston, MA 02109
Telephone: (617) 526-6220

CINDY. PAN (*pro hac vice*)
cindy.pan@wilmerhale.com
250 Greenwich Street
New York, NY 10007
Telephone: (212) 937-7275

*Attorneys for Plaintiff/Counterclaim Defendant
Meta Platforms, Inc.*

COUNSEL CONTINUED ON NEXT PAGE

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| META PLATFORMS, INC., a Delaware corporation, | Case No. 3:20-CV-07182-JCS |
| Plaintiff/Counterclaim Defendant, | **STIPULATION AND [PROPOSED] ORDER REGARDING PERMANENT INJUNCTION AND DISMISSAL** |
| v. | Hon. Joseph C. Spero |
| BRANDTOTAL, LTD., an Israel corporation, and UNIMANIA, INC., a Delaware corporation, | |
| Defendants/ Counterclaim Plaintiffs. | |

1
Rudolph A. Telscher, Jr. (*pro hac vice*)
rudy.telscher@huschblackwell.com
2
Kara R. Fussner (*pro hac vice*)
kara.fussner @huschblackwell.com
3
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
4
St. Louis, MO 63105
314-480-1500 Telephone
5

6
Dustin L. Taylor (*pro hac vice*)
dustin.taylor@huschblackwell.com
7
HUSCH BLACKWELL LLP
1801 Wewatta Street, Suite 1000
8
Denver, CO 80202

9
Karl Kronenberger (CA Bar No. 226112)
10
karl@krinternetlaw.com
Jeffrey M. Rosenfeld (CA Bar No. 222187)
11
jeff@krinternetlaw.com
Kronenberger Rosenfeld, LLP
12
150 Post Street, Suite 520
San Francisco, CA 94108
13
415-955-1155 Telephone

14
*Attorneys for Defendants/Counterclaim Plaintiffs
15
BrandTotal, Ltd. and Unimania, Inc.*

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [~~PROPOSED~~] ORDER REGARDING
PERMANENT INJUNCTION AND DISMISSAL

Pursuant to Civil Local Rule 7-12, Plaintiff/Counterclaim Defendant Meta Platforms, Inc. ("Meta" or "Plaintiff") and Defendants/Counterclaim Plaintiffs BrandTotal, Ltd. and Unimania, Inc. (together, "Defendants"), by and through their respective counsel, hereby stipulate as follows:

WHEREAS, BrandTotal Ltd. is headquartered in Israel and has a subsidiary named BrandTotal, Inc. that was incorporated in Delaware in 2017.  Unimania, Inc. was incorporated in Delaware in 2017;

WHEREAS, Plaintiff is headquartered in California and owns and operates the Facebook and Instagram social media platforms;

WHEREAS, on October 14, 2020, Meta filed a lawsuit against Defendants in the United States District Court for the Northern District of California entitled *Meta Platforms, Inc. v. BrandTotal Ltd. et al.*, 20-cv-7182 (the "Action");

WHEREAS, on May 27, 2022, the Court entered an order granting Meta's motion for summary judgment in part and granting Defendants' motion for summary judgment in part (Dkt. 339);

WHEREAS, Defendants developed and distributed applications and extensions ("Applications and Extensions"), including but not limited to UpVoice (2019), UpVoice (2021), Social One, Phoenix, Anonymous Story Viewer, Story Savebox, Calix, and Restricted Panel;

WHEREAS, the Court concluded in its summary judgment decision that Defendants violated and continue to violate the Facebook Terms of Service and the Instagram Terms of Use by collecting data from Facebook and Instagram without Meta's permission using self-compromised Facebook and Instagram accounts of users who had downloaded those Applications and Extensions;

WHEREAS, the Court further concluded in its summary judgment decision that Defendants also violated and continue to violate the Facebook Terms of Service and Instagram Terms of Use by collecting data without Meta's permission by making automated requests from its own computers to Meta's computers ("Server-Side Collection");

WHEREAS, Defendants stipulate that Meta has established that it has incurred a loss of at least $5,000 in a one-year period as a result of BrandTotal's unauthorized access as required by 18

1

1   U.S.C. § 1030(c)(4)(A)(i)(1), and therefore has established judgment as to liability under 18

2   U.S.C. § 1030(c)(4)(A)(i)(1) based on BrandTotal's active data collection through legacy user

3   products beginning October 2020, and based on BrandTotal's direct access to password-protected

4   pages on Meta's platforms using fake or purchased user accounts;

5         WHEREAS, Defendants stipulate that Meta has established that it has suffered an

6   irreparable injury;

7         WHEREAS, Defendants stipulate that the remedies available at law, including monetary

8   damages, are inadequate to compensate for that injury;

9         WHEREAS, Defendants stipulate that Meta has established that a remedy in equity is

10  warranted, considering the balance of the hardships and that the public interest would not be

11  disserved by a permanent injunction;

12        WHEREAS, the parties have separately reached agreement that resolves all outstanding

13  claims in this case pursuant to a confidential settlement agreement;

14        WHEREAS, upon entry of this agreed-upon injunction, Meta shall voluntarily dismiss any

15  remaining claims in this litigation;

16        WHEREAS, upon entry of this agreed-upon injunction, Meta and Defendants both

17  expressly waive all rights to appeal or otherwise challenge or contest the validity of this or any

18  other order in this case.

19        NOW, THEREFORE, the parties stipulate and agree as follows:

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## STIPULATION AND PERMANENT INJUNCTION

IT IS HEREBY STIPULATED AGREED by Meta and Defendants that:

1.     Defendants and all other individuals who are described in Federal Rule of Civil Procedure 65(d)(2), including the parties; the parties' officers, agents, servants, employees, and attorneys; and other persons who are in active concert or participation with the parties, the parties' officers, agents, servants, employees, and attorneys (collectively, the "Prohibited Parties") are immediately and permanently ordered and enjoined as follows:

a.     The Prohibited Parties are immediately and permanently enjoined from accessing and using, whether directly or indirectly through a third party, intermediary, or proxy, the Facebook and Instagram platforms on Defendants' behalf for any reason without Meta's express written permission, including by in any way using, directly or indirectly, the Applications, Extensions, or Server-Side Collection.

b.     The Prohibited Parties are immediately and permanently enjoined from engaging in or assisting others in data collection (also known as "scraping" and "data harvesting") from Facebook or Instagram, on Defendants' behalf, whether directly or indirectly through a third party, intermediary, or proxy, including by in any way engaging in or assisting others, directly or indirectly, in data collection using the Applications, Extensions, or Server-Side Collection, without Meta's express written permission.

c.     The Prohibited Parties are immediately and permanently enjoined from developing, using, selling, offering for sale, or distributing, or directing, aiding, or conspiring with others to develop, sell, offer for sale, or distribute, any software, script(s) or code for data collection from the Facebook and Instagram platforms on Defendants' behalf, without Meta's express written permission.

d.     The Prohibited Parties are required to delete any and all software, script(s) or code in the possession, custody, or control of the Prohibited Parties or that any Prohibited Party transferred to a third-party where such software, script(s), or code is designed to access or interact with the Facebook or Instagram platforms, or with Facebook or Instagram users while the users

are using the Facebook or Instagram platforms.

e.       The Prohibited Parties are immediately and permanently enjoined from logging into, managing, or manipulating any Facebook or Instagram account of any Facebook or Instagram user, on Defendants' behalf, whether directly or indirectly through a third party, intermediary, or proxy, including by in any way taking action on behalf of any Facebook or Instagram account using the Applications, Extensions, or Server-Side Collection.

f.       The Prohibited Parties are immediately and permanently enjoined from using, distributing, selling, analyzing, or otherwise accessing any data that Defendants have collected from Facebook or Instagram without Meta's express permission, whether directly or indirectly through a third party, intermediary, or proxy, including any data collected using the Applications, Extensions, or Server-Side Collection. For the avoidance of doubt, this does not include any information that panelists or prospective-panelists provided directly to Defendants as part of the UpVoice qualification questionnaire.

g.       The Prohibited Parties are required to delete any and all data Defendants collected from Meta, including but not limited to user credentials, access tokens, or any other information collected using the Applications, Extensions, or Server-Side Collection, as well as any copies of those data.

h.       Notwithstanding the foregoing, nothing in this stipulation prohibits BrandTotal's outside counsel from undertaking any representation or engagement for legal services.

2.       Defendants shall notify all Prohibited Parties, all current and future officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with all such individuals, of the existence of this Injunction and provide a copy of this Injunction to each of them no later than five (5) business days after the entry of this Order or their first affiliation with Defendants, whichever comes first.

3.       The Court will retain continuing jurisdiction to enforce the terms of this Stipulated Permanent Injunction and to address other matters arising out of or regarding this Stipulated Permanent Injunction, including any allegations that the parties have failed to comply with their

obligations as set forth in this Stipulated Permanent Injunction, and the parties agree to submit to the Court's jurisdiction for those purposes.

4.      The rights and obligations under this Stipulated Permanent Injunction shall benefit, and be binding upon, each of the parties and their respective affiliates, predecessors, successors, assigns, and any entity owned or controlled in whole or in part by Defendants' officers (Defendants' currently have no officers).


Dated:  September 30, 2022                    WILMER CUTLER PICKERING, HALE AND
                                              DORR LLP

                                              By:    /s/ Sonal N. Mehta
                                                     SONAL N. MEHTA

                                              *Attorney for Plaintiff/Counterclaim Defendant*
                                              Meta Platforms, Inc.


Dated:  September 30, 2022                    HUSCH BLACKWELL LLP

                                              By:    /s/ Rudolph A. Telscher, Jr.
                                                     RUDOLPH A. TELSCHER, JR.

                                              *Attorney for Defendants/Counterclaim Plaintiffs*
                                              BrandTotal, Ltd and Unimania, Inc.

**PURSUANT TO THE STIPULATION, IT IS SO ORDERED.**

Dated:     September 30, 2022


_____
HONORABLE JOSEPH C. SPERO
United States Magistrate Judge

1

**SIGNATURE ATTESTATION**

I am the ECF User whose identification and password are being used to file the foregoing Stipulation.  Pursuant to Civil Local Rule 5-1(h), I hereby attest that the other signatures have concurred in this filing.

Dated:  September 30, 2022

By:   /s/ Sonal N. Mehta
     Sonal N. Mehta

**CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2022, I electronically filed the above document with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

Dated:  September 30, 2022

By:   /s/ Sonal N. Mehta
     Sonal N. Mehta